## TOMBECKBEE BANK v. GODBOLD.

1. To sustain an action against a Sheriff for a false return of a *fi. fa.* it is necessary to shew that there was a judgment to authorize the issuance of the *fi. fa.*
2. A memorandum, shewing the amount, parties and date of the award of judgment, signed by the Clerk, is not a sufficient judgment for that purpose.

THE President, Directors & Co. of the Tombeckbee Bank, brought an action on the case returnable to the spring term, 1827, of Monroe Circuit Court, against James D. Godbold, as late Sheriff of that county, to recover damages for a false return, said to have been made by him, on a writ of *fieri facias*, issued from the office of the Clerk of the Circuit Court of Washington county, on the 14th of November, 1823, in favor of the plaintiffs, against the goods and chattels of James Caller, deceased, in the hands of Winney Caller, his executrix, and against the goods and chattels of Robert Caller, Sen., Robert Caller, Jr. Benjamin S. Smoot and Green D. Caller, for $5,199 14. The execution was returned by the Sheriff "no property found;" whereas, the plaintiffs insisted that the

defendants had property liable to satisfy the demand. The cause was tried on the general issue plea, at October term, 1828, before the Chief Justice, and the plaintiffs produced as evidence, a record of their recovery of the judgment on which their execution was founded, in which record the entry of judgment is in the following words and figures, viz:

> Tombeckbee Bank
> v.
> Winney Caller, executrix of James Caller, deceased, Robert Caller, Jr. Robert Caller, Sen. Renjamin S. Smoot and Green D. Caller. } Judgment at April term, 1821.

Judgment for                    $4,907 00
With interest up to April term,     122 68
———————$5,029 68

Interest from April term, 1821, till paid.
              Test:        J. G. LYON, Clerk."

From the bill of exceptions, it appears that the Judge charged the jury, that in this kind of action, if there was no judgment to support the execution delivered to the Sheriff, the plaintiffs could not recover, whether the defendants had property or not; and further, that the above entry in the record was not a sufficient judgment for that purpose.

The counsel for the Bank prayed in this Court a reversal of the judgment which was rendered in the Court below against them, insisting that the instructions given to the jury were erroneous.

HITCHCOCK, for the appellants.

BAGBY, for the defendant.

By JUDGE COLLIER. The points of law arising in this cause, are 1st. Was the production of a judgment essential to the plaintiffs recovery. 2nd. Does the statement copied from the record constitute a judgment.

1st. The action for the false return of an execution, is given as an indemnity to the plaintiff for any injury he may sustain by it. It would therefore seem that where no injury results from a return not true in point of fact, that the plaintiff is not entitled to recover.

If a writ of execution issues without a judgment for its warrant, it may be quashed, because the party suing it

31

JULY 1830.

Tombeckbee Bank v. Godbold.

a 3 Starkie's Ev. 1344.

out has not entitled himself to it. Yet so long as it continues in force, it is a sufficient authority to the officer to whom it is directed, for obeying its mandate. But if he should disregard its direction, it would be incumbent on the party seeking to recover for a failure to execute it, to shew that the execution was issued under the authority of a judgment.[a]

Though the action on the case is given by statute against a Sheriff for a false return of an execution, yet this statute can only be regarded as declaratory of the procedure. It does not profess to interfere with the nature of the action, and the principles which control it as a common law remedy. It is an action sounding in damages, the measure and extent of which, must depend upon the circumstances of each particular case.[b] Hence the plaintiff, to entitle himself to a recovery, must prove he has sustained damages, and to what extent, and in this regard, it would seem to differ very materially from the action of debt, which is more appropriately applicable as a remedy to cases in which the duty is certain. So a motion under the statute against the Sheriff, for a failure to collect an execution, which from negligence or some other cause he omitted, cannot be assimilated in all respects to the action on the case. But whether in such a proceeding, the production of the judgment can be required of the party making the motion, is a question upon which, as it is not involved in this controversy, we forbear to declare our opinion.

b 2 Mason's Rep. 513. 2 T.R. 129.

With regard to the second point, we are of opinion that the statement offered in the Court below for a judgment, cannot be considered as such, but must be viewed as a mere memorandum of the Clerk, from which a final judgment could thereafter be drawn up, which in the absence of a disclosure by the record, we cannot presume has been done.[c] Nor is proof of the writ of execution evidence of a judgment, as against the defendant who was a stranger to it.[d] A judgment is the act of the Court, and should so profess to be, but this memorandum bears no evidence which indicates a judicial act.

c 2 Bibb 60.
Tenn. Rep.
Ragan v. Kennedy.
d Dong. 40.

The plaintiff having failed to produce a judgment authorizing the issuance of the execution, on which the defendant is charged to have made a false return, the judgment must be affirmed.

Judgment affirmed.

The Chief Justice and Judge Saffold, not sitting.