HINSON vs. WALL.

1. A mere memorandum of the clerk stating the amount of damages assessed by the jury, with the words, " then judgment for" the sum so found, added, does not constitute a judgment on which an action of debt can be maintained, although the clerk certifies, in proper form, that it is " a true and perfect transcript and exemplification of the record."

2. The proceedings of the courts of the several States composing the United States, will be presumed to be governed by the common law, until the contrary is shown.

ERROR to the Circuit Court of Lowndes.

Tried before the Hon. E. Pickens.

Wall brought debt against Hinson, on the record of Anson Circuit Court in the State of North Carolina, to which Hinson pleaded *nul tiel* record, and other pleas.

On the trial in the court below, the plaintiff offered in evidence a record duly certified, in which the judgment entry in the Circuit Court of Anson county, in North Carolina, is in these words: " The following jury was sworn and empannelled (here follow twelve names,) who find all the issues in favor of the plaintiff, and assess his damage to five hundred and eighty-five dollars; then judgment at September term, 1844, $585; the costs arising in this suit, due to the county, to witnesses, and officers of court, is $134 92." The clerk of that court certifies that the record in which this entry appears, is " a true and perfect transcript and exemplification of the record," &c. The judge's certificate, conforming to the requisition of the act of Congress, is also attached.

To the reading of this record as evidence of a judgment

against him, the defendant, by his counsel, objected, but his objection was overruled, and he excepted.

The defendant requested the court to instruct the jury, that the judgment entry contained in the record, with the certificates, (which were admitted to be regular,) was not sufficient of themselves to authorize a recovery in this case; which the court refused, and instructed the jury that the record and judgment entry, with the certificates, were sufficient to authorize a recovery, without further proof. To the refusal of the court to charge as requested, and to the charge given, the defendant excepted, and the case is brought here for revision on writ of error.

ELMORE and BOLLING, for plaintiff in error:

The court erred both in admitting the record as evidence, and instructing the jury that the record and judgment entry and agreement were sufficient to authorize a recovery without further proof. Tombecbee Bank v. Strong's Ex'r. 1 S. & P. 187 ; same Bk. v. Godbold, 3 Stewart, 240.

The pleadings of plaintiff below allege there was a judgment in North Carolina for $719 $\frac{92}{100}$. The defendant below alleged by plea that there was no such record. If this court should be of opinion that the judgment entry is sufficient as to the amount found by the jury, there is certainly no judgment for the cost, and the jury only certify $585; and unless there is a judgment for the cost, the court instructed the jury erroneously, and also erred in admitting the record as evidence. If the record was offered as evidence only of a judgment for $585, the plaintiff should have disclosed that to be the purpose for which he offered it. Kenan v. Holloway, 16 Ala. Rep. 61. If the record was evidence, the charge of the court was too broad. Under the pleadings, the special instructions, if any was necessary, should have been asked by plaintiff below.

Included in the judgment, if there is any, is the clerk's charge for the transcript and his seal, and called by him costs. There is no judgment, but only a memorandum of the clerk.

GEO. W. STONE, for defendant in error:

1. The judgment entry is sufficient. It contains the par-

ties litigant, the verdict, and the amount of the judgment. These are the only facts which the judgment need show.

2. Each State has the right to determine its own forms of pleadings and judgments. If the record shows who were the parties, that a verdict was rendered, and the amount of the judgment, and the certificate conforms to the act of Congress, our courts are bound to accord to it absolute verity. Crawford v. Simonton, 7 Porter, 110; McRae v. Stokes, 3 Ala. 401; White v. Strother, 11 ib. 720. The act of Congress makes the certificates supply the place of evidence, and they prove the proceedings to be in due form, and that the court had jurisdiction. Several of the decisions cited below hold, that this court will *ex officio* take notice of the laws and forms of judicial proceedings in other States. Could not a recovery be had upon the record of a judgment from Louisiana, or New York, or any other State where the common law has been abolished or changed, without any other proof than that afforded by the certificates. Could not a recovery be had upon a judgment recovered in a statutory action; as in our trials of the right of property; or summary proceedings against officers? 5 Litt. 350; 4 Cowen's R. 296; 1 Johns. Cases, 238; 9 Cranch, 122; 7 ib. 48; 13 Serg. & R. 362.

3. The exceptions raise only the plaintiff's right to recover. No point is made by the record as to the amount of the recovery to which he is entitled. Nor is any discrimination made between the different items which constitute his demand.

LIGON, J.—The court below erred in allowing the record to go to the jury, as evidence of a judgment for the sum claimed in the declaration, against the objection of the defendant. The plea was *nul tiel record*, and the paper offered, although regularly certified, contains no judgment against the defendant in the suit in North Carolina. That which purports to be a judgment, is, at most, but a memorandum of the clerk, and not the solemn act of the court, which finally declared and adjudged the rights of the parties in the suit to which it pertains. Tombecbee Bank v. Godbold, 3 Stew. 240.

It is insisted, however, that this may be the form in which judgments are regularly entered in the courts of North Caro-

lina, and if such entry would be effectual there as a judgment, the same force and effect should be allowed to it in this State. We are not inclined to deny the proposition, that a judgment, good in a sister State, would be good here; but, until the contrary appears, we must hold that the common law prevails in North Carolina, and thus holding, we cannot do otherwise than conclude that, the entry recited in the exemplification, offered in evidence in this case in the court below, is not a judgment of the court.

If the memorandum in the record is, in fact, regarded as a good judgment entry in the State of North Carolina, it might be so averred in the declaration, and the laws or practice of that State would be evidence, when rightly presented, to establish it.

The court not only erred in allowing the record to go to the jury, but also in refusing the charge asked, and giving the one excepted to.

Let the judgment be reversed, and the cause remanded.