# Rowe *v.* Arrington.

*Assumpsit.*

(Decided May 9, 1911.   Rehearing denied June 14, 1911.
56 South. 8.)

*Judgment; Rendition; Constituents; Garnishment; Justice of the Peace.*—A judgment is rendered when the court pronounces sentence of law upon the facts in the controversy; the entry of the judgment is a ministerial act, and hence, a request by a garnishee to amend his answer suggesting a party claimant to the fund in question comes too late where received after the justice had announced his decision, which was being entered at the time of the receipt of notice.

APPEAL from Coffee Circuit Court.
Heard before Hon. H. A. PEARCE.

Assumpsit by R. H. Arrington against S. N. Rowe. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CLAUDE RILEY, J. A. CARNLEY, and JOHN H. WILKERSON, for appellant. Counsel insist that under the facts in this case the court erred in giving the affirmative charge for the plaintiff, and in declining to give a like charge for defendant.—23 Cyc. 835; 1 Mayf. p. 607.

R. H. ARRINGTON, and ARRINGTON & HOUGHTON, for appellee. The only error assigned is predicated upon a bill of exceptions which was not signed by the trial judge, and which cannot be considered at all.—*Raney v. Ridgeway*, 151 Ala. 532. Plea A shows that defendant had notice of plaintiff's claim before final judgment, and that no judgment was rendered against the defendant as garnishee until after plaintiff was suggested as claimant.—Sec. 4328, Code 1907; *Edwards v. Levison*, 80 Ala. 447; *Security L. Assn.*, 69 Ala. 584; *Donald v. Nelson*, 95 Ala. 111. The judgment was not complete and hence, was not final.—*Wynn v. McCraney*, 46 So. 854. Arrington was entitled to the proceeds of the share of J. R. Curtis.—*Greil v. Randolph*, 108 Ala. 601.

DE GRAFFENRIED, J.—The appellee, plaintiff in the court below, brought this suit against the appellant to recover the sum of $58.50, which plaintiff alleges in his complaint was received by the defendant on the 18th day of February, 1907, for the use of the plaintiff. There was an agreed statement of the facts and a verdict in favor of the plaintiff.

There were several pleas in the case, among them plea No. 2, and upon this plea, along with the other pleas in the case, issue was joined and the case was

[Rowe v. Arrington.]

tried. The case was submitted to the jury on an agreed
statement of facts, and the facts, as agreed upon, sus-
tained in all things the averments of plea No. 2, and for
that reason the court erred in giving the general charge
for the plaintiff and should have given the general
charge requested in writing by the defendant.

The only question in the case was whether one T. J.
Carlisle, a justice of the peace received a telegram prior
to the rendition by him of a judgment in a certain gar-
nishment proceeding. The averments of the plea on
that subject are as follows: "When the said justice
of the peace received the said telegram, he had already
rendered judgment and refused to allow the answer to
be amended or to suspend the judgment, but allowed
said judgment to stand on the answer of the defendant
herein, in and by which answer the said defendant had
answered indebted to said J. R. Curtis."

The facts, as agreed upon on that subject, are as fol-
lows: "He then, with all due diligence, sent a telegram
to the said T. J. Carlisle of Enterprise, which telegram
was in form as follows: 'Elba, Ala., Feby. 19, 1907.
Hon. T. J. Carlisle, Enterprise, Ala. Please have Carn-
ley to amend my answer to garnishment, so as to suggest
R. H. Arrington, as claimant for the money. (Signed)
S. N. Rowe.' The said justice of the peace received the
said telegram about 11 o'clock of the same morning. At
that time he was holding his court at Enterprise, had
called the case in which the answer of defendant had
been filed as garnishee, had announced his decision, and
when the said telegram was received Mr. J. A. Carnley,
an attorney, was writing up a judgment against the gar-
nishee, this defendant, condemning the money in his
hands to the satisfaction of the judgment of the said
Mary Clark. The justice thereupon refused to suspend
his decision, and did not continue the cause or await

for any further answer by this defendant, nor did he issue any notice to R. H. Arrington, as claimant, but, after 12 o'clock on that same day, signed the said judgment. That the said telegram was exhibited to J. A. Carnley, who was the attorney present, and representing Mary Clark on said day in said cause, before said justice of the peace, and said Carnley did not ask that said cause be suspended, or continued for the issuance of notice to R. H. Arrington."

The learned judge who tried this case was evidently of the opinion that, because the judgment of the justice of the peace had not been actually written up at the time he received said telegram, there was no judgment. It is plain, however, from the above statement of facts, that the word "decision," as used in said agreed statement of facts, was in fact the judgment of the justice of the peace. "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of a judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external and incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective result of the litigation. In the nature of things, a judgment must be rendered before it can be entered."—Black on Judgments, vol. 1, § 106.

In the case of *Lanier v. Richardson,* 72 Ala. 134, the jury brought in their verdict on Saturday morning, March 4, 1882, and the court received said verdict on said Saturday morning, discharged the jury, and adjourned the term without setting a day to enter a judgment or decree on said verdict. On Saturday night,

[Rowe v. Arrington.]

March 4, 1882, between the hours of 8 and 10, the court entered a decree on said verdict. In speaking of this judgment, the Supreme Court say, through Stone, J.: "When the jury returned their verdict, in favor of the will, the judgment of the court establishing it was a matter of course, unless the verdict was set aside and a new trial granted. In this, the analogy between it and a suit at law is perfect. When the verdict was rendered in this case, sustaining the will, the contestants were as fully informed what the judgment would be as they were when the minute entry was written up. Of course, we intend this remark to apply only when there is no ground for arresting the judgment. The judgment entered is but the logical conclusion, resulting from the premises ascertained by the verdict. In practice, the judgment on verdict is rarely, if ever, announced by the court. It follows so naturally and necessarily that it is taken for granted. Its first actual utterance is in the reading of the minutes—the work of the clerk. The judgment, no matter when written up, is considered and treated as given on the day that the verdict is rendered. Such is the rule in trials at common law; and we think the same rule must be observed in this case."—*Lanier v. Richardson*, 72 Ala. 134.

While justices of the peace are required to keep a docket and enter their judgments in cases upon such docket, the actual final finding of a justice of the peace on the facts of a case constitutes the judgment, and not the mere writing on his docket, which is but a memorial of the judgment.

At the time the telegram was received, the justice of the peace had announced his decsion, i. e., had rendered his judgment on the answer of the defendant, and Carnley was, as clerk, merely entering upon the docket, as required by law, a written memorial of the judgment

which had already been rendered, and when written up the judgment was effective from the moment that the justice, in his capacity as judge, had announced his decision in the case.

We do not think that the case of *Wynn et al. v. Mc-Carney,* 156 Ala. 630, 46 South. 854, cited by counsel for the appellee has any application to this case. In that case suit was brought against the clerk of the court, in that the clerk failed to enter a judgment shown by the judge's bench notes in the minutes of the court, and, in another count, because the clerk failed to issue execution on said judgment, shown by the bench notes, but not formally entered on the minutes. The court held in that case that the clerk could not enter a judgment in the minutes *after the adjournment of the court for the term,* and that the judge's bench notes were not such evidence of a judgment as the law requires to authorize the issue of an execution. While a court, during the term, keeps within its breast all of its orders and judgments, and may, for proper cause, during the term, alter or annul them, nevertheless it is the rule in Alabama that a minute entry of a judgment, no matter at what hour made, relates back to the moment when the judgment of which it is the conclusive evidence was actually rendered.

In the present case, the justice of the peace had rendered judgment, and the judgment was being written by an attorney, who was acting in a clerical capacity, when the telegram was received. The telegram may have contained information which would have justified the justice in setting aside the judgment, but this he did not do, and, as above stated, when the entry of the judgment was completed and it was signed, it was a judgment as to the moment it was in fact rendered, viz., at the period which antedated the receipt of the tele-

gram by the justice of the peace. For the above reason, the general charge requested by the appellant should have been given.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.