[Louisville & Nashville Railroad Co. v. Mason.]

# Louisville & Nashville Railroad Co. v. Mason.

## Damages for Ejecting Passenger.

(Decided May 7, 1912. 58 South. 963.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the same defense was available under pleas to which demurrers were overruled, it was harmless to sustain demurrers to similar pleas.

2. *Same.*—Where the first count alleged that although plaintiff had a ticket he was maliciously ejected from the train, and the second count alleged an unlawful ejection, and by pleas, the defendant set up that when the conductor demanded plaintiff's ticket or fare he refused and willfully failed to deliver the ticket, the plaintiff replied that he was not allowed a reasonable time within which to produce the ticket, the overruling of a demurrer to the replication was prejudicial, although by rejoinder the defendant raised the issue that plaintiff did not notify the conductor that his ticket was mislaid, and that he required time to produce it, since the requirement of filing a rejoinder shifted the burden from the plaintiff to the defendant where it did not properly belong.

3. *Pleading; Demurrer.*—The allegations of a plea, when attacked by demurrer are construed most strongly against the pleader.

4. *Same; Issue; Defective Plea.*—Where issue is taken upon an immaterial or defective plea and the allegations of the plea are proven, judgment should be for the defendant, and the same rule applies to an immaterial replication to a good plea.

5. *Judgment; Validity; Pleading to Sustain.*—A judgment is usually void when based upon a complaint which does not state a cause of action.

6. *Carriers; Passengers; Tickets; Duty of Conductor.*—It is the duty of a passenger to surrender his ticket or pay his fare when called on by the conductor to do so, but he is entitled to a reasonable time within which to produce it before being expelled if it has been lost or mislaid, and it is the duty of the conductor to give such passenger a reasonable time within which to produce his ticket or pay his fare upon request to the conductor for such time; if no such request is made, and the passenger fails or refuses to produce his transportation charges, the conductor may expel him.

7. *Same. Pleading.*—The replication to the pleas in this case held insufficient because not showing that plaintiff attempted to produce his ticket, or notified the conductor that he had one, and requested reasonable time within which to search for his ticket; this being necessary before he could complain of his ejection.

8. *Same; Burden of Proof.*—Where the action is by the passenger for damages for being ejected, and the defendant sets up his failure

to produce his ticket or pay his fare, the burden is upon the plaintiff of showing that he intended to produce his ticket, and that he so notified the conductor.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Thomas Mason against the Louisville & Nashville Railroad Company, for damages for being ejected from one of its passenger trains. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court erred in overruling demurrers to the 1st count.—*McGhee & Fink v. Reynolds*, 117 Ala. 419; *L. & N. v. Seale*, 160 Ala. 588; *S. S. & S. R. R. Co. v. Campbell*, 158 Ala. 438; *St. L. & S. F. R. R. Co. v. Pearce*, 159 Ala. 144. On the same authorities, the demurrer to count 2 should have been sustained. The court erred in sustaining demurrers to plea 6, and in overruling demurrers to replication to pleas 3, 4, 5, 7, and 8.—*L. & N. v. Johnson*, 92 Ala. 204, and authorities supra. Counsel discuss assignments of error relative to evidence and charges, but without citation of authority.

PINKNEY SCOTT, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—There were two counts to the complaint. In the first count the appellee claimed damages of the appellant because he alleges he purchased of the appellant's ticket agent at Bessemer a ticket which entitled him to be carried as a passenger on appellant's train from Bessemer to Sumter; further alleging that he boarded the proper train of the appellant for the purpose of going to Sumter, and that after

the train had started on its trip to Sumter and gone some distance, to wit, a mile, the conductor of the train, a servant of appellant, while acting within the line or scope of his employment, "willfully, wantonly, or intentionally ejected the appellee" from the train, whereby he suffered injury. The second count contained all of the essential averments of the first count, except that it alleges that the appellee was unlawfully," instead of "willfully, wantonly, or intentionally," ejected from the train by the conductor.

To the complaint the appellant filed a number of pleas. The trial court sustained the appellee's demurrer to the sixth plea. We will not consider the question as to whether this plea was subject to the appellee's demurrer, for the reason that under plea 5, to which the demurrer was overruled, the appellant was entitled to make the same defense and introduce the same evidence which it could have made or introduced in sustaining the fifth plea.

To the pleas of appellant the appellee filed several replications, and for the purpose of giving emphasis to our views as to the action of the trial court in overruling the appellant's demurrer to the replications we will set out two of the pleas (all the pleas set up in varying forms the same defense) and the replications of the appellees to the pleas. In plea 3 the appellant alleges that the appellee, "when said conductor demanded of him a ticket or fare, refused and failed to present or tender any ticket or fare to said conductor, who thereupon ejected the plaintiff (appellee here) from said train, using no more force than was reasonably necessary to eject him in so ejecting him." In plea 7 the allegation is that the appellee was ejected by the conductor because the appellee "willfully failed to give said conductor a ticket or pay him any fare" The re-

plications to all of the pleas were substantially the same and allege, in substance, that, when the conductor demanded of the appellee his ticket or fare, "he had misplaced his ticket in his clothing and on his person, and said conductor ejected him without giving him a reasonable time to produce to him the ticket alleged in the complaint." The replications do not aver that the conductor knew or was informed by appellee that he had misplaced his ticket, or that the appellee requested, after giving such information, time within which to produce the ticket. The "reasonable time" to which the replication refers is not the "reasonable time" which the law gives a passenger to produce a ticket which has not been misplaced or mislaid by him, but the "reasonable time" which, under the law, should be allowed a passenger who has misplaced or mislaid his ticket, and who, acting in good faith, requests the time within which to find and produce it. The replications were demurred to upon the specific ground that they did not aver that the conductor when he ejected the appellee, knew or had any information whatever that appellee had lost or misplaced his ticket, or that he needed a "reasonable time" within which to produce it on that account. The replications confess the facts set up in the pleas as a defense to the action, and seek to avoid the defense by setting up certain other facts. Such facts so set up in the replications, to protect them from demurrer, must be legally sufficient to show that the ejection of the appellee was wrongful by the conductor, in spite of the failure of the appellee to produce his ticket or pay his fare when properly called upon by the conductor to do so.

The conductor owed the duty to appellant to take up the ticket from appellee. The appellee, it is alleged in one of the pleas from which we have quoted, "failed and refused," and in the other that he "willfully" failed, to

[Louisville & Nashville Railroad Co. v. Mason.]

produce the ticket when the conductor called for it. When the appellee was called upon by the conductor for his ticket, it was the appellee's duty to give up his ticket or pay his fare or give the conductor some information as to why he was not ready to do so. It is unquestionably the law that, when a ticket is demanded by a conductor of a passenger, such passenger is entitled to a reasonable time within which to produce it before being expelled. 6 Cyc. p. 522, and authorities cited. If the ticket of such passenger, when he is called upon to produce it, has been lost or misplaced, then the conductor has no right to eject such passenger, if the passenger is acting in good faith, until he has given him a reasonable time within which to find such ticket. 6 Cyc. p. 552. This latter rule cannot, of course, apply unless the conductor is informed that such passenger has lost or misplaced his ticket. A reasonable time within which to produce a ticket which a passenger has not misplaced but has ready to hand to a conductor is one thing, and a reasonable time which should be allowed a passenger who has misplaced his ticket, and in good faith asks for time within which to produce it, is another thing. When a conductor, in the exercise of his duties, calls upon a passenger to produce his ticket, he has a right to presume, in the absence of information to the contrary, that the passenger has the ticket convenient about his person, and that he only needs that reasonable time which a man of ordinary understanding and intelligence would naturally need to take it from his person and hand it over. If the passenger needs more than this usual time, he should inform the conductor of the circumstances, and, if he fails to do so, and suffers by reason of such neglect, it is his fault, and not that of the conductor.

The conductor has many duties to perform other than the duty to collect fares from passengers. He is the master in charge of his train, and the safety and comfort of his passengers depends largely upon the manner in which he performs those duties. It is therefore essential that in the matter of the delivery of their tickets and the payment of their fares passengers should with reasonable speed meet his lawful demands. The safety of the traveling public demands that this should be done.

In plea 3 it is alleged that the appellee "failed and refused" to deliver a ticket to the conductor when the conductor called upon him for his ticket. The words "fail" "and refuse" when used in some connections mean the same thing. In others they do not.—*Parish v. Wheeler*, 22 N. Y. 494; *Smtih v. Hance*, 11 N. J. Law. 244; *Persons v. Hight*, 4 Ga. 474. According to Webster, "refuse" means to "decline to accept; to reject." As the word is used in this plea, it means something more than passive neglect. The word "failed" as it appears in the plea means that. "Refused," in the plea, if it has any meaning at all, means that the appellee declined to deliver his ticket to the conductor when called upon to produce it. 7 Words and Phrases, 6031. The words "willfully failed" as they appear in the seventh plea mean that the appellant designedly or intentionally neglected to hand the conductor his ticket.—*Shuman v. State* (Fla.) 56 South. 694; 8 Words and Phrases, 7468.

When a plea is demurred to, the allegations of the plea are taken most strongly against the pleader.—*King v. Sawyer*, 1 Ala. App. 439, 55 South. 320; *Grubbs et al. v. Hawes*, 173 Ala. 383, 56 South. 227. This rule, which applies to all pleadings, is of especial value when a demurrer is directed against a plea. When a complaint does not state a cause of action and is insufficient to support

[Louisville & Nashville Railroad Co. v. Mason.]

a judgment, then the judgment is ordinarily void.—*Turnipseed v. Burton, Infra,* 58 South. 959.

When, however, issue is taken upon an immaterial or defective plea, if the facts set up in the plea are established, the defendant is entitled to recover. In other words, when a defendant sets up certain facts as a defense to a suit, if issue is taken upon the plea and the facts are proven as set up in the plea, the defendant is entitled to recover.—*Rowe v. Arrington,* 1 Ala. App. 633, 56 South. 8.

What we have above said with reference to a plea applies to a replication to a plea. If the facts set up in a replication are not as matter of law a sufficient reply to the plea, nevertheless, if issue is taken on the replication, then, if the facts set up in the replication are established, the plaintiff in the suit is entitled to a verdict. If in the case now under consideration, the appellant had taken issue on the replication, the appellee, by establishing the fact that he had in his possession a ticket from Bessemer to Sumter and that he had misplaced it, and that the conductor did not give him a reasonable time within which to find it, would have been entitled to recover, although the undisputed evidence might have shown that the conductor when he ejected appellee did not know or have reason to believe that the appellee had a ticket to give him if he had given him a reasonable time within which to find and produce it. It is true that the appellant did not take issue on the replication, but filed a rejoinder stating that, when the conductor ejected the appellee, he did not know or have reasons to believe that the appellee had a ticket which he intended to produce in payment of his fare; but by requiring the appellant to file this rejoinder the burden of proof on this particular subject was shifted from the appellee, where it belonged, to the appellant, where it did not belong.

Let us use some of the tendencies of the evidence in this case for the purpose of illustrating the above views. The evidence shows without dispute that the appellee had in his possession, when he boarded the train, a ticket entitling him to a seat on the train as a passenger from Bessemer to Sumter. The evidence also shows without dispute that the appellee was drinking when he boarded the train and when he was ejected. Some of the evidence tends to show that the appellee's mind was befuddled from intoxicating liquor, and that, when the conductor called upon him for his ticket, the appellee not only did not offer his ticket or inform him that he had one, but told the conductor that he was not going to pay him any fare until he reached Sumter; that thereupon the conductor, without further waiting, stopped the train, and put the appellee off the train without any knowledge that he was in possession of a ticket, and for that reason not giving appellee time to look for a ticket. Suppose there had been no dispute as to these last statements. Then, under the replications, the appellee would, nevertheless, have been entitled, under the rules of law, to recover upon his replication, as it not claimed that the conductor gave the appellee a reasonable time within which to find a ticket.

It is our understanding of the law, as we have above said, that, when a conductor in charge of a train calls upon a passenger upon that train for his ticket or fare, he must give the passenger a reasonable time within which to produce the ticket or pay his fare. If he does this and the ticket or fare is not forthcoming, then the conductor may eject such passenger from the train, using no more force than is necessary to do so. If, when a passenger is called upon by a conductor for his ticket or his fare, such passenger has misplaced his ticket or his fare, then, if he notifies the conductor of the situ-

ation, and, in doing so, acts in good faith, or if the conductor knows of the situation of such passenger, from the surrounding circumstances, or knows and sees that he is undertaking to produce a ticket, it is the duty of the conductor to give the passenger a reasonable time within which to find his ticket or fare, and, if he ejects such passenger from the train without allowing such passenger such reasonable time, then his act is unlawful. The absence of any averment in either count of the complaint that the conductor at the time of appellee's ejection from the train knew that appellee was in possession of a ticket or that the conductor ejected the appellee from the train before giving him an opportunity to produce his ticket or pay his fare convinces us that in the preparation of his complaint that averment was intentionally left out of, certainly, the first count of the complaint.

The second count cast the burden of proof where it properly belonged, and, so far as that count is concerned, all of the matters set up by the subsequent pleadings can be properly given in evidence under the plea of the general issue. If appellee was unlawfully ejected from the train as averred in the second count of the complaint, then he was not a trespasser on the train when ejected. If he failed or refused, within a reasonable time after being called upon by the conductor to do so, to surrender his ticket, then he was a trespasser at the time of his ejection, and, if he was a trespasser on the train when ejected, it cannot be said that his ejection was unlawful.

The above is not true with reference to the first count, certainly so far as its disjunctive averments that the conductor intentionally or willfully ejected appellee from the train was concerned. The mere fact that the appellee had in his possession a ticket entitling him to ride on the train from which he was ejected did not relieve the

[Louisville & Nashville Railroad Co. v. Mason.]

conductor of the authority to eject him if, after calling upon appellee for his ticket, the appellee failed, within a reasonable time, to produce his ticket, or, if he had lost or misplaced it, then of informing the conductor of his situation, and thus, under the law, obtaining the legal right to a further reasonable time within which to find the ticket and deliver it to the conductor. The fact that the appellee had purchased a ticket of a ticket agent was not notice to the conductor that he was in possession of the ticket, and it did not relieve him of the legal duty of producing the ticket when called upon by the conductor for his fare. While the allegation in the first count that the conductor wantonly ejected appellee carries with it the idea that this ejection was unlawful and malicious, the other disjunctive averments that the conductor "willfully or intentionally" ejected him carry with them no such idea, provided the ejection was done in a lawful way because of appellee's failure to produce his ticket or pay his fare within a reasonable time after being called upon to do so. Under such circumstances, the ejection may have been both willful and intentional, and still not have been unlawfully done.

We have confined this opinion to a discussion of this subject as it is presented by the replications to the pleas because by the demurrers to the replications the question is broadly presented. In our opinion the trial court committed reversible error in overruling the appellant's demurrer to the replications to the pleas.

Certain rulings of the trial court upon the evidence are also presented to us for review. These questions may not present themselves upon the next trial of the case, and we will not discuss them.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.