(81 South. 553)

FRIEDENTHAL v. GOODLOE. (1 Div. 91.)

(Supreme Court of Alabama. May 1, 1919.)

1. FALSE IMPRISONMENT ⊂⊃20(1)—TRESPASS ⊂⊃40(1)—TRESPASS TO GOODS—PLEADING.

A complaint, in an action for damages, alleging that plaintiff while at a railroad depot was deprived of his suit of clothes by defendant accompanied by police officers in a rude, oppressive, and insulting manner, held to state a cause of action for trespass to goods and not for false imprisonment.

2. TRESPASS ⊂⊃56—TRESPASS TO GOODS—EXEMPLARY DAMAGES.

The measure of damages in trespass to goods, where the taking is unlawful, is the value of the goods or injury done to them with interest; but when the taking is in a rude, wanton, reckless, and insulting manner, or accompanied by fraud, malice, oppression, or aggravation, or even gross negligence, the injured party may recover exemplary damages.

3. TRIAL ⊂⊃253(3) — INSTRUCTIONS — IGNORING ISSUES.

In trespass to goods wherein it was alleged that defendant forced plaintiff to deliver a suit of clothes that he had bought from defendant, an instruction to find for defendant if plaintiff had obtained the goods by false representations as to his employment was erroneous as pretermitting intent to defraud or injure defendant, an essential element of criminality in view of Code 1907, § 6920.

4. TRESPASS ⊂⊃57 — DAMAGES — EXCESSIVENESS—TRESPASS TO GOODS.

In action for trespass to goods, where it appeared that plaintiff was wrongfully deprived of a suit of clothes he had on, worth $27, by defendant while in a railroad station at 1 o'clock in the morning and which he was forced to deliver to escape arrest, a verdict of $500 was not excessive.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Action by Charles H. Goodloe against H. M. Friedenthal. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count 1 of the complaint is as follows:

"Plaintiff claims of the defendant the sum of $1,500 as damages, for that the plaintiff on or about October 4, 1917, was at the depot of the Louisville & Nashville Railroad Company, a public place, in the city of Mobile, waiting to take a train, and that while so waiting, and at about 1 o'clock in the morning, the defendant, who was then and there accompanied by Milton Kopf, an employé, and two police officers, under threats and expressions forced plaintiff to take off his suit of clothes, which he then had on, and wrongfully took said suit of clothes, which was the property of the plaintiff, and all of which was done in a rude, oppressive, and insulting manner, and which caused the plaintiff to suffer much humiliation and embarrassment, all to his damage in the above said amount."

There was one other count in the complaint. The cause was tried upon the general issue, resulting in a verdict and judgment for $500 in favor of the plaintiff; from which the defendant prosecutes this appeal.

Plaintiff's evidence tended to show that he purchased a suit of clothes on open account to be paid for in 60 days, and, while preparing to leave the city, the defendant with his clerk and two police officers of the city of Mobile came to the depot in the city of Mobile at 11 o'clock at night, insisting on payment for the said suit of clothes or its return; that he (plaintiff) was threatened with arrest for obtaining goods under false pretenses; and that, "if I did not give him the suit of clothes or money therefor, I was going to have trouble on my hands." It is further shown that defendant's conduct was threatening, and insulting in the presence of others, and in order to avoid trouble and arrest the plaintiff took off the suit of clothes —going into the freight depot for that purpose —and delivered the suit to defendant; that plaintiff had not obtained the goods under false pretenses and had made no misleading statement whatever.

The evidence for the plaintiff was further to the effect that he was in the employ of the Louisville & Nashville Railroad Company at the time of the purchase, but left said employ that night, accepting a position elsewhere.

Defendant's evidence tended to show that plaintiff had represented he was in the employ of the Louisville & Nashville Railroad Company, and that he would pay for the goods on the "next L. & N. pay day"; and that defendant went to the depot to get back his goods or the money for same; that he obtained the advice of the police sergeant before going to the depot with the officers. It is further shown that he took the clothes back to the store and disposed of them. Defendant further stated that the reasonable value of said suit of clothes was $27. No warrant was obtained for plaintiff's arrest.

Defendant requested the affirmative charge in writing, which was refused, and also the following charge, which was refused:

"(3) The court charges the jury that if they believe from the evidence that the plaintiff obtained the goods by false representations as to his employment, and that the defendant would not have parted with the goods except for such representations, then the defendant had the legal right to take police officers with him for the purpose even of having the plaintiff arrested. He had the legal right to talk to the plaintiff about the goods, and, if the plaintiff, being afraid of being arrested, gave up the goods, then the jury should find for the defendant."

Appellant's (defendant's) counsel insists that the verdict is excessive.

Webb, McAlpine & Grove, of Mobile, for appellant.

Gordon & Edington, of Mobile, for appellee.

GARDNER, J. The argument of counsel for appellant in support of the insistence that the defendant (appellant) was due the affirmative charge seems to be based upon the assumption that the entire cause of action was founded upon a complaint seeking damages for false imprisonment; the contention being that, as there was not sufficient evidence of imprisonment or restraint of plaintiff, he was not therefore entitled to recover.

[1, 2] We think, however, that count 1 of the complaint clearly sets forth an action for trespass to goods, and comes within the influence of the following quotation from Burns v. Campbell, 71 Ala. 271:

"The measure of damages in actions for trespass to goods, where the taking is unlawful without more, is generally the value of the goods, or the amount of injury done to them, as the case may be, with interest to the date of judgment. Lienkauf v. Morris, 66 Ala. 406. But when the taking is perpetrated in a rude, wanton, reckless, or insulting manner, or is accompanied with circumstances of fraud, malice, oppression, or aggravation, or even with gross negligence, the party injured is entitled to recover exemplary damages. These principles are too well settled to require discussion."

In Mattingly v. Houston, 167 Ala. 167, 52 South. 78, it was said:

"We do not doubt that, in assessing damages for a trespass to property, mental suffering, established in the proof as the proximate and natural consequence of the trespass committed with circumstances of insult or contumely, is to be taken into account and compensated as a matter of right."

See, also, Engle v. Simmons, 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740.

The evidence for the plaintiff was in support of this count of the complaint, and in accord with the principles declared in the above authorities. The affirmative charge was therefore properly refused.

The evidence was without dispute that, at the time of the purchase of the clothes, the plaintiff was in fact still in the employ of the Louisville & Nashville Railroad Company, and so remained until 6 o'clock that evening. It may be very seriously questioned that, from a strict legal standpoint, the defendant's evidence could make out actual false representation on the part of plaintiff sufficient to sustain a criminal charge.

[3] However that may be, we are of the opinion that the charge, which appears in the statement of the case, was properly refused for the reason that it pretermits that such false representation was made with intent to defraud or injure the defendant, which is an essential element of criminality in cases of this character. Section 6920 of the Code. We also think the charge had misleading tendencies and may be otherwise faulty, and that the court committed no error in its refusal. In given charge 2 the defendant obtained all to which he was en-

titled by way of what was sought in instructions to the jury in refused charge 3.

[4] After a careful review of all the evidence in the cause, and in the light of the well-recognized rule set forth in Central of Ga. Ry. Co. v. White, 175 Ala. 60, 56 South. 574, we are unwilling to disturb the verdict of the jury as being excessive.

These are the only questions presented on this appeal. Finding no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.