(85 South. 871)

SUGAR VALLEY LAND CO. et al. v. JOHNSON. (7 Div. 619.)

(Court of Appeals of Alabama. April 6, 1920.)

1. TRESPASS ⊕=40(1)—COMPLAINT NOT DEMURRABLE.

A count for damages for trespass, alleging that plaintiff claimed $2,000 as damages for wrongfully taking goods described, the property of plaintiff, following the form prescribed in the Code, is not demurrable.

2. PLEADING ⊕=216(3)—DEMURRER NOT EXTENDED TO GROUNDS NOT SET FORTH.

Where counts of complaint for malicious suing out of search warrant did not allege that the charge before the commencement of the suit had been judicially investigated, and the prosecution ended and plaintiff discharged, but the point was not taken by demurrer, the de-

murrer as filed to the counts, raising the questions of two distinct causes of action in one count, no statement of cause of action, etc., was properly overruled under Code 1907, § 5340.

3. MALICIOUS PROSECUTION ⬳66—TRESPASS ⬳47—DAMAGES FROM SEIZURE OF GOODS HELD TOO SPECULATIVE.

Damages arising out of plaintiff's inability to use a pump on account of the trespass complained of, the seizure of certain fittings by defendant, are too remote and speculative to be recovered, either in plaintiff's action for trespass or for malicious prosecution by way of suing out of search warrant.

4. APPEAL AND ERROR ⬳1050(1)—ADMISSION OF EVIDENCE NOT HARMLESS.

In an action for trespass by seizure of certain fittings, and for malicious prosecution by way of suing out of search warrant, admission of plaintiff's testimony as to what effect keeping his fittings had on his work, he claiming that he was unable to use a pump on account of the trespass, held not harmless to defendant, under rule 45 of the Supreme Court (175 Ala. xxi, 61 South. ix).

5. APPEAL AND ERROR ⬳273(6)—EXCEPTIONS TO ORAL CHARGE, QUOTING PORTIONS OBJECTED TO, WERE SUFFICIENT.

Where, after the court finished the oral charge to the jury, before he read the written charges to them, and while they were still in the jury box, and before they had retired to consider verdict, each defendant separately excepted to portions of the oral charge, such exceptions were properly reserved, and are presented in the Court of Appeals.

6. TRESPASS ⬳56—PUNITIVE DAMAGES RECOVERABLE FOR WANTONNESS OR MALICE.

Punitive damages are recoverable in actions for trespass, when the acts complained of are attended with aggravating circumstances, wantonness, or malice, but are not recoverable as a matter of right, being discretionary with the jury.

7. SEARCHES AND SEIZURES ⬳3—TRESPASS ⬳21(1)—OFFICER SEIZING STOLEN PROPERTY NOT GUILTY OF TRESPASS—AUTHORITY TO SEARCH LIMITED BY WARRANT.

The authority of an officer to search is named within the four corners of the paper issued by the court, so far as the place to be searched and the time and manner of execution of the warrant is concerned; but, if the officer comes on property belonging to claimant that has been stolen, and he seizes that also, he is not guilty of trespass on the goods of plaintiff, admittedly without right to title or possession.

8. SEARCHES AND SEIZURES ⬳1 — SEARCH WARRANTS ARE "CRIMINAL PROCESSES."

Search warrants are criminal processes, issued under the police power of the state to aid in the detection or suppression of crime, and have no relation to civil process or trials; the primary purpose of the search being to obtain evidence for use in a criminal prosecution.

[Ed. Note.—For other definitions, see Words and Phrases, Criminal Process.]

9. JUDGMENT ⬳22—ENTRY OF MAGISTRATE ON SHERIFF'S RETURN THAT PROPERTY SEIZED SHOULD BE RESTORED TO DEFENDANT NOT A JUDGMENT.

Entry of county court judge on back of sheriff's return of search warrant, claimed to be his judgment after trying issues, between claimants of the property seized, under Code 1907, §§ 7771, 7772, "The property is ordered restored to defendant and warrant is dismissed," held evidence a judgment was ordered, but not a judgment itself, which should be complete and certain, and not a memorandum.

10. JUDGMENT ⬳23 — COURT'S ANNOUNCEMENT OF FINDING, AND NOT MEMORANDUM ENTRY, WAS JUDGMENT.

The actual and final judgment of the county court on the issues of rival claims to property seized on search warrant process was the court's announcement of his finding, and not his memorandum entry thereof on the back of the sheriff's return.

11. EVIDENCE ⬳157(1) — PAROL EVIDENCE ADMISSIBLE TO SHOW WHAT ARTICLES COURT AWARDED PLAINTIFF ON RIVAL CLAIMS TO PROPERTY SEIZED.

Where there was no formal memorial of the county court's finding on the issue of rival claims to property seized on search warrant process, parol evidence was admissible to show what articles were actually adjudicated to belong to plaintiff.

12. EVIDENCE ⬳157(1) — PAROL EVIDENCE ADMISSIBLE TO SHOW DETERMINATION OF SEARCH WARRANT PROCEEDINGS.

In an action for malicious prosecution by way of suing out of search warrant, parol evidence was admissible to show that the search warrant proceedings had been finally determined as referred to in the complaint; there being no formal memorial of the county court's decision on the issue of rival claims to the property seized.

13. MALICIOUS PROSECUTION ⬳71(4) — ADVICE OF COUNSEL JURY QUESTION.

In an action for malicious prosecution by way of suing out of search warrant, whether defendants had instituted the proceedings on the advice of counsel, after full and fair statement of the facts, held for the jury.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by D. H. Johnson against the Sugar Valley Land Company and another for damages for trespass. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Count 5 is as follows:

Plaintiff claims of the defendant the sum of two thousand dollars as damages for wrongfully taking the following goods and chattels, the property of plaintiff: [Here follows a description of the articles taken.]

The following is count 11:

The plaintiff claims of the defendant the further sum of two thousand dollars damages, for

that heretofore, to wit, on the 8th day of January, 1918, the defendants, acting through their agent or servant, maliciously and without probable cause therefor did procure a search warrant from L. L. Herzberg, judge of the county court of Etowah county, Alabama, to search the tool chest of the plaintiff at Southern Railway depot for two wrenches, one block, one flue expander, lot of small tools and valves, and to seize the same, or parts of the same, and to carry the same before said judge immediately, and that the sheriff, under and by virtue of said search warrant, broke open the tool chest of plaintiff, as he was directed to do by said warrant, and removed therefrom one wood block, twenty-six pieces of pipe fittings, three check valves, one 24-inch Stilson wrench, sixteen cold chisels and corking tools, one punch, one file, two globe valves, one gauge cock, one spike maul, one engine throttle, and one pound hemp engine packing on the same, which said property was and is the property of this plaintiff, and carried the same before said judge of the county court, who judicially investigated said search warrant and seizure of said property of the plaintiff, and ordered said property returned to this plaintiff, and dismissed said search warrant, to his damage as above stated.

Count 13:

The plaintiff claims of the defendant the further sum of two thousand dollars damages, for that heretofore, to wit, on the 15th day of January, 1918, the defendants, acting through their agents or servants, maliciously and without probable cause therefor did procure a search warrant from L. L. Herzberg judge of the county court of Etowah county, Alabama, commanding any lawful officer of the state of Alabama to search boxes and tool chest of plaintiff in this suit, at the Southern Depot, North Fourth street, Gadsden, Alabama, for one flue expander, two open end wrenches, and lot of other tools alleged to be concealed therein by this plaintiff, and which was alleged to be the property of the defendant the Sugar Valley Land Company, and to seize the same, or parts of same, and bring them before said judge of said county court immediately, and that the sheriff of Etowah county, accompanied by the agent or servant of defendants, who procured the issuance of said warrant, under and by virtue of said warrant and the direction therein, went and broke open the boxes and tool chest of this plaintiff and removed therefrom two hammers, two open end wrenches, one chisel bar, one lever for flue expander, one cold chisel, and other property described. On same day said warrant was issued, and carried the same before said judge of said county court, who judicially investigated said search warrant and seizure of said property, and ordered said property returned to plaintiff in this suit, and dismissed said search warrant, to his damage as above stated.

The demurrers raised the question of two distinct causes of action in one count; does not state a cause of action; does not appear that said search warrant directed a search of plaintiff's tool chest; does not appear that the property seized was the property of the plaintiff; does not appear that the warrant was maliciously sued out, or without probable cause, etc.

The bill of exceptions shows the following:

Just as the judge finished the oral charge to the jury, before he read to the jury the written charges, while the jury was still in the box, and before it retired to consider its verdict, each of the defendants separately and severally excepted to the following portions of the oral charge to the jury: "Together with whatever amount you think would deter this defendant or these defendants, from committing a like wrong again."

Also to the following: "And such damages as you think plaintiff ought to have for the humiliation, if you find he was humiliated with this wrong."

Also the following: "That is punitive damages, damages inflicted on the plaintiff, because of the wrongful act by defendant through its agents."

Also the following: "The sheriff's authority to break open and search was named within the four corners of the paper issued by the county court, and when he went beyond the authority contained in the four corners of the search warrant, and seized other property not named or mentioned in the search warrant, he then became a trespasser, and took that which under the law he had no right to take."

Also the following: "The notation made on this paper by Judge Herzberg is a judicial finding, or the minutes of this court; that is what Judge Herzberg found, regardless of what other instructions he may have given; that is a judicial determination of this prosecution."

Hood & Murphree, of Gadsden, for appellants.

Counts 11 and 13 were subject to the demurrer. 75 Ala. 483. Plaintiff was not entitled to punitive damages under count 5, and the court erred in overruling the objection to the testimony, and in its oral instructions to the jury. 159 Ala. 310, 49 South. 310; 163 Ala. 170, 50 South. 975; 167 Ala. 132, 52 South. 392. The court committed error in its instructions relative to the notations made by the county judge on the papers. 57 Ala. 209; 101 Ala. 187, 13 South. 48, 46 Am. St. Rep. 117. The written charges should have been given. 5 Ala. App. 525, 58 South. 796.

Motley & Motley, of Gadsden, for appellee.

The search warrants were not issued in accordance with the requirements of sections 7758, 7759, 7760, and 7762, Code 1907, and were therefore void. 57 Ala. 156; 78 Ala. 551; the defendant was therefore liable, just as was the levying officer. 158 Ala. 639, 48 South. 89. The suit was terminated. 58 Ala. 590; section 7772, Code 1907. The liability was joint. 133 Ala. 285, 32 South. 167; 134 Ala. 238, 32 South. 684. The question whether there was legal advice, after full and fair statement of all the facts, is a jury question. 167 Ala. 146, 52 South. 596. The reservation of exceptions

to the general charge was in bulk, and if any part thereof was good the exception falls. 109 Ala. 51, 20 South. 81; 144 Ala. 351, 39 South. 268; 137 Ala. 75, 34 South. 848, 97 Am. St. Rep. 17; 146 Ala. 109, 41 South. 413. The court was not in error in its charge as to the authority of the sheriff under the search warrant. 161 Ala. 204, 49 South. 761.

SAMFORD, J. [1, 2] Count 5 of the complaint followed the form prescribed in the Code and was not subject to demurrer. The eleventh and thirteenth counts of the complaint claimed damages for the malicious suing out of a search warrant. The counts did not allege that the charge, before the commencement of this suit, had been judicially investigated and the prosecution ended, and plaintiff discharged, but this point was not taken by demurrer. The demurrer as filed to counts 11 and 13 was properly overruled. Code 1907, § 5340.

[3] The plaintiff's counsel, over the timely objection and exception of defendant, was permitted to ask plaintiff, testifying as a witness, "What effect did keeping your tools have on your work?" and when answered, "A lot of fittings belonged to my pump, and I wanted to use them," defendant moved to exclude the answer, which motion the court overruled, and the defendant excepted. The grounds of objection to the question and answer were set out. Damages arising out of plaintiff's inability to use a pump on account of the trespass complained of—i. e., the seizure of certain fittings—are too remote and speculative to be recovered in this action. Nelms v. Hill, 85 Ala. 583, 5 South. 344; Street v. Sinclair, 71 Ala. 110. Nor are such damages recoverable under the counts charging malicious prosecution.

[4] After considering this entire record, we cannot say that this was error without injury, under rule 45 of the Supreme Court (61 South. ix[1]). In cases like this, embracing charges and counter charges involving moral turpitude and malice, the results of trials are often affected by erroneous rulings, when, if the issues and contentions were different, the rulings might be without injury, though more glaringly erroneous.

[5] Under the authority of Ex parte Cowart, 201 Ala. 55, 77 South. 349, the exceptions to the several parts of the court's oral charge were properly reserved, and here presented.

[6] Exemplary or punitive damages are recoverable in actions for trespass, when the acts complained of are attended with aggravating circumstances of wantonness or malice. Coleman v. Pepper, 159 Ala. 310, 49 South. 310; Friedenthal v. Goodloe, 202 Ala. 611, 81 South. 553. But punitive damages are not recoverable as a matter of right. As was said in the Coleman Case, supra:

[1] 175 Ala. xxi.

"Their imposition is discretionary with the jury; * * * and this discretion is not an unbridled or arbitrary one, but a legal, sound, and honest discretion."

The effect of the court's oral charge was to instruct the jury that, if a trespass had been committed on plaintiff's goods, plaintiff would be entitled to recover, not only actual damages, but exemplary damages, as a matter of right growing out of the trespass. This was error. It is only where the trespass is attended by rudeness, wantonness, recklessness, or in an insulting manner, or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence, that the jury is warranted in assessing exemplary damages in an action for trespass. Lienkauf v. Morris, 66 Ala. 406.

[7] The authority of an officer to search is "named within the four corners of the paper issued by the county court," as charged by the court, so far as the place to be searched and the time and manner of the execution of the warrant is concerned; but if, while making the search, the officer come upon property belonging to the claimant that has been stolen, and he seizes that also, he would not thereby be guilty of a trespass on the goods of the plaintiff, who admittedly had no right to the title or possession. Those parts of the general charge in conflict with the foregoing were error.

[8] Search warrants are criminal processes, issued under the police power of the state, to aid in the detection or suppression of crime, and have no relation to civil process or trials. Murray v. Hoboken Land Company, 18 How. 272, 15 L. Ed. 372; State v. Derry, 171 Ind. 18, 85 N. E. 765, 131 Am. St. Rep. 237. They are, therefore, collateral to criminal prosecutions, although no direct criminal charge may ever in fact be brought against the party in whose possession the personal property may be found. The primary purpose of the search is to obtain evidence to be used in a criminal prosecution to maintain the peace and dignity of the state. Chipman v. Bates, 15 Vt. 51, 14 Am. Dec. 663.

"When, however, the property has been taken by a search warrant from the possession of a person, and there is a controversy between him and the person from whom it is claimed that the property was stolen, as to which has a right to it, a question is presented that cannot be determined on a criminal process, but must be determined in a civil action. Ordinarily, a finding in a search warrant proceeding is not conclusive as to the ownership of the property; but where rival claimants appear, employ counsel, and submit the question of ownership on testimony adduced pro and con, the finding is conclusive, although, strictly speaking, they are not parties to the action." 24 R. C. L. p. 724, § 28.

The foregoing method of procedure seems to be carried out and approved in Code 1907,

§§ 7771, 7772. This is an entirely different inquiry to that authorized by Code 1907, § 7770, and hence the views here expressed are not in conflict with the opinion in the case of Southern Hardware, etc., Co. v. Lester, 166 Ala. 80, 52 South. 328.

[9-12] Upon the trial of this case, the plaintiff offered in evidence what was claimed to be the judgment of the magistrate who tried the issues on the search warrant process under sections 7771 and 7772 of the Code of 1907, which appeared written on the back of the sheriff's return, and was in words and figures as follows:

"The property is ordered restored to defendant and warrant is dismissed. L. L. Herzberg, Judge of County Court. 9—26—18."

But it nowhere appears that the magistrate followed, or even attempted to follow, the requirements of section 7771 as to hearing the testimony and reducing it to writing. The most that can be said for the entry is that it is evidence that a judgment was ordered, but it does not rise to the dignity of a judgment. In re Weber, 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621; Durant v. Comegys, 3 Idaho (Hasb.) 67, 26 Pac. 755, 35 Am. St. Rep. 267. A judgment should be complete and certain in itself, and must appear to be the act and adjudication of the court, and not a mere memorandum of the court's action. Bell v. Otts, 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117; Tombeckbee Bank v. Godbold, 3 Stew. 240, 20 Am. Dec. 80; Hinson v. Wall, 20 Ala. 298. The actual and final judgment of the magistrate was his announcement of his finding, and not the writing. Rowe v. Arrington, 1 Ala. App. 633, 56 South. 8. There being no formal memorial of this finding, parol evidence was admissible to show what articles were actually adjudicated to belong to plaintiff. Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515. This evidence was also admissible to show that the search warrant proceedings had been finally determined as referred to the counts claiming for malicious prosecution.

[13] The question as to whether the defendants had instituted the search warrant proceedings upon the advice of counsel, after a full and fair statement of the facts, was, under the facts of this case, one for the jury. So, also, was the question as to whether both of these defendants were jointly liable. The questions likely to arise upon another trial, not hereinbefore discussed, are governed by the case of Gulsby v. L. & N. R. R. Co., 167 Ala. 122, 52 South. 392, which the trial court can use as a guide in determining the rights of the parties under the counts charging malicious prosecution.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.