McMILLAN, Judge.
This is an appeal by the State from the granting of a motion to suppress, and a petition by the appellee for a writ of mandamus.
*114 The appellee was indicted for the unlawful possession of marijuana in the first degree, in violation of § 13A-12-213, and for the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. He was arraigned and pleaded not guilty. Thereafter, the appellee moved to suppress certain evidence that had been obtained pursuant to a search warrant issued by a municipal judge of the City of Centreville. After a hearing, the circuit court granted the motion, and the State appealed.
At the timé the appellee was arrested for the present offense, he was on probation in an unrelated case. Nearly 10 months after the arrest in the present case, his probation officer filed a written form authorizing his arrest in the unrelated case for an unspecified violation of his probationary terms. On July 3,1990, the appellee filed a petition for a writ of mandamus in this Court, stating that the Circuit Court of Bibb County had held him without bond since January 21, 1990, and that he could not be heard on the revocation due to a stay pending this appeal.
According to evidence contained in the original and supplemental records, an Alabama ABC agent received a tip from an assistant district attorney that the appellee was growing marijuana on a farm in the Three Mile Community and was doing so by using “grow lights.” The Bibb County sheriff drove the agent, along with two other state agents and a Brent city police officer, to a farm owned by the appellant’s mother. The farm is within Bibb County but is outside the City of Centreville or its police jurisdiction. As he approached a building located about 75 or 100 yards from the dwelling on the property, he heard a humming noise and smelled the odor of marijuana. He observed at least 50 marijuana plants in the building and at least one grow light in use. He left in order to execute an affidavit on the basis of his observations, which he intended to present to the Honorable James M. White, judge of the District Court of Bibb County. Unable to locate the district judge, he took the affidavit to the Honorable William D. Ow-ings, a judge of the Municipal Court of the City of Centreville, who issued a search warrant. Pursuant to the warrant, the agent returned to the property and instituted a search of the dwelling, which produced no evidence, and searches of several nearby buildings and vehicles, which disclosed a variety of evidence of marijuana.
The appellee’s motion to suppress was based on the following grounds:
“(1) The search was predicated on an illegal and improper affidavit.
“(2) The affidavit was returnable to the District Court of Bibb County but was received by William D. Owings, who is not a district judge or other magistrate recognized by the Department of Court Management [the former name of the Alabama Administrative Office of Courts] to receive oaths and issue warrants.
“(3) The warrant was issued and signed by william D. Owings as district judge, and he is not and was not a judge of the District Court of Bibb County or any other Alabama county.
“(4) William D. Owings is a municipal court judge for the City of Centreville, which is not a part of the Unified Court System.
“(5) The affidavit shows that the executing officer previously had searched the premises without a warrant.
“(6) The search and seizure occurred while the owners of the searched property was not present.
“(7) The subsequent arrival of the owner at the property did not validate an illegal search commenced without her knowledge.”
The circuit court granted the motion to suppress “on the grounds that the municipal judge of the city of Centreville does not have the authority to issue search warrants to be executed outside the police jurisdiction of said city.”
The State appeals the trial court’s decision, on the following grounds:
“(1) The appellee did not show a violation of his constitutional rights.
*115 “(2) Municipal judges have authority to issue process ‘co-extensive with the jurisdiction of the district court’ and search warrants are ‘criminal processes.’
“(3) The conduct of the officers in this case is not the sort which ought to be deterred.
“(4) The officers relied on the warrant in good faith.”
However, we cannot consider the merits of the State’s first, third, and fourth arguments, because the issues were not raised in the court below. See Cross v. State, 536 So.2d 155 (Ala.Cr.App.1988). Appellate review is limited to questions properly and timely raised at trial. Dixon v. State, 476 So.2d 1236 (Ala.Cr.App.1985).
The State contends that a strong federal constitutional policy favoring warrants mandates that the search performed under this warrant be considered valid if the trial court erred in its ruling on the sole issue that was the basis of its granting the motion to suppress. The State then addresses certain additional issues raised in the brief of the appellee, more specifically, whether the area searched was within the curtilage or was implicated by the “open fields” doctrine, whether there was evidence sufficient to establish probable cause, whether the affidavit was properly subscribed, and whether the warrant was in a form satisfying .§ 15-5-6, Code of Alabama 1975. We do not address these arguments because the trial court properly suppressed the evidence on the stated ground.
Section 12-14-l(e), Code of Alabama 1975, reads in pertinent part as follows:
“(b) The municipal court shall have jurisdiction of all prosecutions for the breach of ordinances of the municipality within its police jurisdiction.
“(c) The municipal court shall have concurrent jurisdiction with the district court of all acts constituting violation of state law within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances.”
The State argues that § 12-14-1 refers to prosecutorial, not territorial, jurisdiction. The State contends that the territorial jurisdiction of the municipal court is set out in § 12-14-31, Code of Alabama 1975, which reads, in part as follows:
“Section 12-14-31. POWERS GENERALLY; DESIGNATION OF OTHER MUNICIPAL OFFICERS TO APPROVE APPEARANCE AND APPEAL BONDS,
“(a) A municipal judge may administer oaths, compel the attendance of witnesses and compel the production of books and papers, punish by fine not exceeding $50.00 and/or imprisonment not exceeding five days any person found and adjudged to be in contempt of court and shall have power coextensive with the jurisdiction of the district courts to issue writs and other process and to approve and declare bonds forfeited.”
The State argues, citing Sugar Valley Land Co. v. Johnson, 17 Ala.App. 409, 85 So. 871 (1920), and State v. Noah, 150 Wash. 187, 272 P. 729 (1928), that search warrants are criminal processes, and that the Municipal Court of Centreville therefore had power coextensive with that of the district court to issue search warrants for violations of state law in Bibb County.
However, the argument of the State is without merit. Had the legislature intended to include search warrants in § 12-14-31, it could have added the term “warrants” to the “writs and other process” set out in the section. In § 12-14-4, for example, cited by the State in support of its argument, the legislature required county sheriffs to serve “warrants and processes” committed to them.
The legislature, instead, set out the warrant authority of municipal courts in a separate section, which reads as follows:
“Section 12-14-32. ISSUANCE OF ARREST AND SEARCH WARRANTS.
“Municipal judges are authorized to issue arrest and search warrants for municipal ordinance violations returnable to the municipal court and for violations of state law returnable to any state court.”
Read in conjunction, §§ 12-14-1 and 12-14-32, supra, are consistent and their meaning *116 is clear: the legislature intended the municipal court to have the authority to issue arrest and search warrants for the violations set out in § 12-14-1, within the jurisdiction set out in § 12-14-1, the police jurisdiction of the municipality. To determine otherwise would require inserting the court’s warrant authority, already denominated in the preceding subsection, into a subsection that primarily concerns the court’s power to compel the attendance of witnesses and the production of documents and such an insertion would be against the manifest intent of the legislature.
As the circuit court properly determined, the municipal court lacked authority to issue a search warrant for a violation of state law outside the police jurisdiction of the municipality. The court’s suppression of evidence obtained under such a warrant, therefore, was not error.
AFFIRMED.
All the Judges concur.