## Bell et al. v. Otts.

*Statutory Action of Ejectment.*

1. *Judgment; definition thereof.*—A judgment is a final consideration and determination by a court of competent jurisdiction of matters submitted to it, and it should, in form, always be complete and certain in itself, showing that it is the court's adjudication.

2. *Same; when insufficient to support an appeal.*—The statement in a judgment entry in an action of ejectment, just after the recital of the

[Bell et al. v. Otts.]

verdict, "and judgment is rendered against defendants, for the land sued for, together with all the costs in this behalf, for which execution may issue," is not such a judgment as will support an appeal; and when the transcript contains no other judgment entry, the appeal will be dismissed.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was a statutory action of ejectment brought by the appellee against the appellants; and sought to recover certain described property. The judgment from which the present appeal is prosecuted is in the following language: "This day came the parties by their attorneys, and the demurrer to pleas were sustained by the court, the material facts therein averred being provable under the general issue; and issue being joined, thereupon came a jury of twelve good and lawful men, to-wit: R. W. Beck and eleven others, who, being duly sworn and empannelled according to law, on their oaths say, 'We the jury find for the plaintiff for the land sued for, viz., S. ½ of S. E. ¼ of Sec. 6, T. 13 S., R. 2 W., in Jefferson Co., and twenty-five dollars damages for detention as against defendant, Martha Bell,' and judgment is rendered against defendants Samuel Mace and Henry Edwards for the land sued for, together with all the costs in this behalf expended, for which execution may issue." The opinion renders it unnecessary to notice in detail the several rulings of the lower court.

S. J. DARBY, and B. K. COLLIER, for appellants.

ALEX. T. LONDON, contra.

HARALSON, J.—The verdict in this case was, "We the jury find for the plaintiff for the land sued for [describing it], and $25, damages for detention against defendant Martha Bell." On this verdict a judgment ought to have been entered against all the defendants for the land sued for, for $25 against Martha Bell, as damages for detention, and against all of them for the costs.— Code, §§ 2709–10; 67 Ala. 197. Immediately following this verdict, with a comma between, appears what purports to be a judgment in the cause, based on the verdict, namely: "And judgment is rendered against defendants, Samuel Mace and Henry Edwards, for the

land sued for, together with all the costs in this behalf, for which execution may issue.''

A judgment should be complete and certain in itself, and must appear to be the act, the adjudication of the court, and not a memorandum or certified result.—*Speed v. Cocke*, 57 Ala. 209. Among various definitions of a judgment in the books, not differing in legal effect from each other, we have the one, that it is ''the final consideration and determination of a court of competent jurisdiction, upon the matters submitted to it.—1 Freeman on Judgments, § 2; *Whitwell v. Emory*, 59 Am. Dec. 220. The language of a judgment is, ''it is considered by the court, that the plaintiff have and recover, or that the defendant go without day.'' If ever what purports to be a judgment falls short of being a finding, an adjudication of the court, complete and certain, but is in substance a mere memorandum of the clerk which declares, as here, no more than that a judgment was rendered, without setting out what the judgment was, it can not be sustained as the final consideration and determination of the court.—*Bank v. Godbold*, 3 Stew. 240; *Hinson v. Wall*, 20 Ala. 298.

There is here absolutely nothing in the shape of a judgment against the defendant, Martha Bell, for anything; and as for the other defendants, there is simply a declaration, that judgment is rendered against them for the land and costs, but no judgment is in fact rendered. This entry is lacking in form and material averments to constitute it a judgment, and to support it as such would be to sanction an uncertainty and looseness in the record and preservation of solemn and important judicial ascertainments, such as would be pernicious.

Our conclusion is, there is no such judgment here as will support an appeal, and it is, therefore, dismissed.

Appeal dismissed.