(115 So. 877)

**CUNNINGHAM et al. v. WAKEFIELD et al.**
**(6 Div. 29.)**

Supreme Court of Alabama. Jan. 12, 1928.

Rehearing Denied April 5, 1928.

1. **Trusts** ☞89(5)—**To ingraft resulting trust on absolute conveyance of lands, proof must be clear, full, satisfactory, and convincing.**

In order to ingraft resulting trust on an absolute conveyance of lands, proof must be clear, full, satisfactory, and convincing, and if it is uncertain, doubtful or unsatisfactory, relief cannot be granted.

2. **Trusts** ☞77—**Wife paying husband's notes for deferred payments on land could not establish resulting trust, her money not having been paid before or at time of purchase.**

Where husband purchased land and paid $200 of purchase money with his own money and took deed in his own name, wife paying note or notes for deferred payments could not establish resulting trust, her money not having been paid before or at time of purchase.

3. **Liens** ☞7—**Wife voluntarily paying deferred payments on husband's land did not have equitable lien on land.**

Wife voluntarily and gratuitously paying deferred payments on husband's land without request or obligation on part of husband to repay her did not have equitable lien on land.

4. **Executors and administrators** ☞225(8)—**Wife's claim after 10 years against deceased husband's estate for payments made on husband's land was too late to establish charge on estate.**

Claim by wife against deceased husband's estate for money advanced him in paying deferred payments on land, which was not presented for over 10 years, was too late to establish charge on his estate.

5. **Trial** ☞388(5)—**Trial court reiterating facts in support of conclusion did not violate statute as to special finding of facts not requested.**

Trial court's making mere reiteration of certain facts in support of conclusion reached was not violation of statute as to special finding of facts not requested.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill by Mrs. M. E. Cunningham and others (heirs at law of Mrs. R. J. Gray, deceased) against Mrs. Belle Wakefield and others (heirs at law of R. J. Gray, deceased) to establish a resulting trust in or equitable lien upon land alleged to have been purchased by the wife and title to which was taken in the husband. From a decree denying relief, complainants appeal. Affirmed.

W. M. Adams, of Tuscaloosa, for appellants.

Special findings of fact are to be made on written request. Code 1923, § 9500. Complainants were entitled to recover, and the decree denying relief was in error. Haden v. Ivey, 51 Ala. 381; Haney v. Legg, 129 Ala. 619, 30 So. 35, 87 Am. St. Rep. 81; Heflin v. Heflin, 208 Ala. 69, 93 So. 719. Neither Mrs. Gray nor complainants were called upon to make or assert an adverse claim of title as against R. J. Gray. Haney v. Legg, supra.

L. C. Bell and H. L. Findley, both of Tuscaloosa, for appellees.

A resulting trust cannot be created by parol agreement. Unless the wife paid a part or all of the purchase price at the time of the purchase, no trust will arise in her favor. Evidence to establish such a trust must not be uncertain or doubtful. Lehman v. Lewis, 62 Ala. 129; Fowler v. Fowler, 205 Ala. 514, 88 So. 648; Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Holt v. Johnson, 166 Ala. 358, 52 So. 323. Any claim appellants had is barred by laches and the statute of limitations. Brackin v. Newman, 121 Ala. 311, 26 So. 3; Haney v. Legg, 129 Ala. 619, 30 So. 35, 87 Am. St. Rep. 81. The court properly made a special finding of fact. Code 1923, § 9500; Sayre v. Weil, 94 Ala. 466, 10 So. 546, 15 L. R. A. 544. The decree is supported by the evidence. Long v. King, 117 Ala. 423, 23 So. 534; Dooly v. Pinson, 145 Ala. 659, 39 So. 664.

ANDERSON, C. J. The bill in this case seeks to establish and enforce a resulting trust in the land in question or in the alternative to declare and enforce an equitable lien on same.

[1, 2] In order to ingraft a resulting trust on an absolute conveyance of lands, the proof must be clear, full, satisfactory, and convincing. If it is uncertain, doubtful, or unsatisfactory relief cannot be granted. 2 Pomeroy Eq. § 1040; Lehman v. Lewis, 62 Ala. 129; Dooly v. Pinson, 145 Ala. 659, 39 So. 664. The proof in this case shows that at the time of the purchase of the land by R. J. Gray from the Browns he paid $200 of the purchase money, and, from aught appearing, with his own and not his wife's money, and took the deed in his own name. The proof at best for the complainants merely establishes the fact that subsequent to the cash payment and purchase, Mrs. Gray paid a note or notes for the deferred payments. To establish a simple resulting trust, as where one person furnishes money for the purchase of land and the title is erroneously or wrongfully taken in the name of another, it is well settled that the money must have been paid before or at the time of the purchase. Guin v. Guin, 196 Ala. 221, 72 So. 74, and cases there cited.

[3] Nor can we understand upon what theory does the evidence establish or fasten an equitable lien upon the land in favor of Mrs. Gray. There is no proof of a contractual one between her husband and self or of

─────────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

any assignment to her, legal or equitable, of the rights of the vendor. From aught appearing, she voluntarily and gratuitously paid the deferred payments and without request or obligation on the part of the husband to repay her. At least this was the conclusion of the trial court, who saw and heard the witnesses, and the conclusion so reached is like unto the verdict of a jury.

[4] For the above reason it is doubtful if the evidence establishes an ordinary charge or claim against the estate of R. J. Gray as for money advanced him, but, if it does, there was no claim made or presented for over ten years, and we think it is now too late to establish a charge upon the estate of the said R. J. Gray.

[5] There is no merit in the suggestion that the trial court violated the statute as to a special finding of facts because not requested to do so. As we understand, the opinion of the trial court was no attempt to make a special finding of the facts under the statute, but a mere reiteration of certain facts in support of the conclusion reached—a commendable act and one helpful to the appellate court.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.