16 So.2d 305

**GANDY v. HAGLER et al.**

**6 Div. 176.**

Supreme Court of Alabama.

Jan. 13, 1944.

Herman J. Stewart, of Cullman, for appellant.

L. C. Albright and Taylor & Jeffrey, all of Birmingham, for appellees Stockdale and H. F. Realty Company.

THOMAS, Justice.

The appellant filed the bill against the appellee to quiet title to the land described.

It is averred in the bill of complaint of Gandy that he had owned the lands since 1919; had been in possession of and paid taxes thereon for many years; that respondent Hagler claimed to be the owner of two mortgages on the lands described of date of 1919, but it is averred that though each instrument bore the name of T. A. Gandy as maker, they were regardless of his signature and failure of due execution, mere forgeries. It is prayed that the court cancel said instruments as a cloud on his title to the land.

Respondent Hagler filed his answer and cross bill and averred his ownership of the two mortgages; that he purchased them from one Buford Mitchell, the adopted son of Ida V. Mitchell, deceased, and that in addition to the mortgages he had a warranty deed from Buford Mitchell and wife recorded in the probate office of date of September 17, 1937, conveying to him the lands in question. The prayer of the cross bill was that the title to the land be quieted in his favor by virtue of the two mortgages and his deed from Mitchell, as against complainant Gandy.

The record shows that on July 22, 1940, the H. F. Realty Company was granted the right to intervene in the cause, the bill of intervention being to the effect that it was the owner of the lands described in the bill and cross bill by reason of conveyances to it by Hagler, and asked the court to quiet the title thereto in its favor as against Gandy and Hagler.

Thereafter a petition of intervention was filed in the cause by W. B. Stockdale, as administrator de bonis non of the estate of Ida V. Mitchell, deceased, setting up the title of his intestate, and on February 20, 1942, Stockdale answered the original bill of T. A. Gandy and of intervenor H. F. Realty Company, averring, among other things, that the intervenor corporation did claim an interest in the lands described through a conveyance from Buford Mitchell, an heir of Ida V. Mitchell, deceased, but that said Buford had no title to the land at the time of his conveyance; that the land belonged to the estate of said Ida V. Mitchell; that it was the only property left of her estate subject to payment of claims against such estate; that claims had been duly filed and were unpaid; and for reasons specifically averred the transfers of the two mortgages and the warranty deed given by Buford Mitchell (the adopted child) to Dr. Hagler were null and void for due execution by Mrs. Mitchell, and, therefore, the transfers and conveyances from Hagler to H. F. Realty Company were "null and void."

The intervenor W. B. Stockdale, as administrator de bonis non cum testamento annexo of the estate of Ida V. Mitchell, deceased, answering the cross bill in question alleged that on the 17th day of July 1919 Ida Mitchell was the sister of T. A. Gandy; that she purchased from J. W. Welch and wife one of the tracts of land involved in this suit, but for some reason, the purchaser had him (grantor) execute the conveyance thereto to her brother T. A. Gandy, but that she paid the full amount of the consideration herself; that T. A. Gandy paid no part of the consideration; that at the time of the execution of such conveyance or subsequently thereto, she signed the name of her brother T. A. Gandy to a mortgage to herself in the sum of $1,500 due in three years; that until after the death of Ida V. Mitchell the said Gandy knew nothing about these conveyances.

It is further averred in Stockdale's pleading that on the 22nd day of July 1919 Ida V. Mitchell purchased the other tract of land involved in this suit from John D. Strange and took title thereto in the name of her brother T. A. Gandy, paying the entire amount of the purchase price herself, no part being paid by T. A. Gandy; that she prepared a mortgage on said land purchased from Strange, and had her brother's name signed to it and made it payable to herself in the sum of $1,200; that she duly filed both mortgages and deeds for record in the office of the probate judge of the county in which the land was situated; that her brother knew nothing about either of these transactions until after the death of his said sister; that Ida V. Mitchell died on October 27, 1936. It is further averred by Stockdale, as administrator, etc., of Mrs. Mitchell that said Ida V. Mitchell was during her lifetime and at the time of her death the owner of both tracts of land in question; that her said brother T. A. Gandy was trustee for her use and benefit by way of a resulting trust; and that Ida V. Mitchell during her lifetime and at her death owed no debt to her brother Gandy, nor was she obligated to him in any way by any other relationship or contract. The prayer of the last named pleading is for a decree to the effect that the lands involved in the suit were the properties and assets of Ida V. Mitchell, deceased, at her death, because of her having purchased and paid the entire purchase price of the two tracts of land; that her said brother, under the rule of a constructive delivery, held as such trustee of the title thereto for her use and benefit; and that H. F. Realty Company be declared to have no right in or title to the property involved in this suit.

From this complex pleading the dealings of the several parties touching the two tracts of land are presented and the questions of fact to be determined are: (1) Did the purchase and payment as averred of the entire consideration of the two tracts of land by Ida V. Mitchell operate as a resulting trust in her favor, and was her brother T. A. Gandy a mere trustee for her? (2) Was there a constructive delivery of the title (deed to the land) to T. A. Gandy which operates as a gift or as a resulting trust? (3) Did appellant own the lands in question before or after the death of his sister Ida V. Mitchell?

A preliminary question presented by the judgment is as to the sufficiency of the decree rendered against appellant for cutting timber from the land.

■■ The decisions in this jurisdiction are that a judgment should be complete and certain in itself. A final judgment is a "determination by a court having jurisdiction of the matters submitted" and should always be complete and certain in itself, specifically showing that it is the court's adjudication of the matter, title or damages dealt with. Ex parte Louisville & Nashville R. Co., 214 Ala. 489, 492, 108 So. 379; Plunkett v. Dendy et al., 197 Ala. 262, 263, 72 So. 525; Clements v. Hodgens, 210 Ala. 486, 78 So. 467.

The instant decree touching the timber and averments of price received therefor is as follows:

"It is further ordered, adjudged and decreed that the title to the real estate described in the bill, was at the time of the death of Ida V. Mitchell in her, and that the complainant was a trustee for Ida V. Mitchell, and that his holding of said title was a resulting trust in favor of the said Ida V. Mitchell who was the real owner of said real estate. * * *

"It is therefore ordered, adjudged and decreed that T. A. Gandy has no right, title or interest in said real estate, and his apparent title is divest out of the said T. A. Gandy and vested in Ida V. Mitchell retroactively.

"It is further ordered, adjudged and decreed that the title to the property described in this bill, is vested in H. F. Realty Company, Inc., a corporation by virtue of deeds executed by Buford Mitchell and wife to P. L. Hagler, dated July 24th, 1937, and recorded in the office of the Judge of Probate of Jefferson County, Alabama, in Volume 2837, page 154, and the subsequent deed of conveyance of said property to Dr. P. L. Hagler to H. F. Realty Company, Inc., a corporation, dated October the 13th, 1937, and recorded in the office of the Judge of Probate of Jefferson County, Alabama, in Volume 2840 at page 403; subject to payment of claims against the estate of Ida V. Mitchell, deceased, duly filed and allowed against said estate, by the Probate Court of Jefferson County, Alabama, and Court costs in connection with said administration.

"It is further ordered, adjudged and decreed that the mortgages described in the bill of complaint purporting to be signed

and executed by T. A. Gandy, to Ida V. Mitchell, are hereby cancelled and held to be null and void.

"It is further ordered, adjudged and decreed that T. A. Gandy is indebted to the estate of Ida V. Mitchell, deceased, in the sum of Three Hundred Seventy-seven dollars and fifty cents, for timber sold by him from the said lands of Ida V. Mitchell, deceased, and it is further ordered and decreed that W. B. Stockdale as Administrator de bonis non of the estate of Ida V. Mitchell, deceased, have and recover of the said T. A. Gandy, the *said sum less such sums as the said T. A. Gandy paid as taxes on the said property together with interest thereon since the date of said payments.*" [Italics supplied.]

■ This was not a final decree complete in itself within the rule of our cases as to the damages for cutting timber from the land. Jasper Land Co. v. Riddlesperger, 25 Ala.App. 45, 140 So. 624; Bell et al. v. Otts, 101 Ala. 186, 12 So. 43, 46 Am.St. Rep. 117; Claraday v. Abraham, 174 Ala. 130, 56 So. 720; Hinson v. Wall, 20 Ala. 298; Tombeckbee Bank v. Godbold, 3 Stew. 240, 20 Am.Dec. 80.

■ We now make observation of the rule of this court that obtains as to a resulting trust. In Fowler v. Fowler, 205 Ala. 514, 88 So. 648, the rule is stated that: Persons seeking to establish a resulting trust in land must not only show that the consideration moved from them, but that it was paid contemporaneous with the purchase of the land. See aso Watkins v. Carter, 164 Ala. 456, 51 So. 318; Owens & Co. v. Blanks, 225 Ala. 566, 144 So. 35; Preston v. McMillan, 58 Ala. 84; 3 Pom. Eq.Juris. § 1037; State ex rel. Little, Supt. of Banks v. Laurendine, 239 Ala. 620, 196 So. 278, and authorities there cited; Tilford v. Torrey, 53 Ala. 120. The later decisions on this question are Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St.Rep. 81; De Freese v. Vanderford, 220 Ala. 360, 125 So. 228; Jacksonville Public Service Corporation v. Profile Cotton Mills, 236 Ala. 4, 180 So. 583; Rudulph v. Burgin, 219 Ala. 461, 122 So. 432; Cunningham v. Wakefield, 217 Ala. 374, 115 So. 877.

It has been declared in Montgomery v. McNutt, 214 Ala. 692, 108 So. 752, (headnotes) as follows:

"Uncontradicted proof that complainants' intestate furnished money to purchase property held sufficient proof of payment to raise resulting trust. * * *

"Person advancing purchase price and taking conveyance in name of another towards whom he stands in loco parentis is presumed to intend gift or advancement. * * *

"Parol evidence is admissible to show intention with which conveyance in name of party other than one advancing the money is executed. * * *

"Sister has burden of showing that conveyance taken in her name, paid for by brother, was intended as gift. * * *"

See also Jacksonville Public Service Corporation v. Profile Cotton Mills, 236 Ala. 4, 180 So. 583.

The question for decision is did the sister take the land purchased in the name of the brother as a gift to him, or was it intended as a resulting trust for her own benefit in the brother whom she could trust? The evidence shows that she had other relatives and another brother who were present at her funeral.

On the evidence shown by the record before us, no deed to either of the tracts of land is shown to have been executed to Mrs. Ida V. Mitchell. Stockdale, as administrator, can only assert rights in and to the land in question on behalf of Mrs. Mitchell on the theory that a resulting trust came into being in favor of his intestate at the time of the execution of the deeds to her brother and her payment of the purchase price.

The evidence shows that on July 17, 1919, a deed was executed by J. W. Welch and wife to ten acres of the land in question, the grantee appearing therein as T. A. Gandy. The deed of July 22, 1919, executed by John D. Strange, to eight acres of the land in question named the grantee as T. A. Gandy. However, in such conveyances the covenant is with T. A. Gandy, "*her* heirs and assigns." The notary who took the acknowledgements testified that she was called to the office of John D. Strange, and the said Mrs. Mitchell was present. On cross examination of T. A. Gandy he stated that Mrs. Mitchell was his sister and that he paid $250.00 for the Welch lands and $150 for the land conveyed to him by Strange. The respective considerations of the deeds slightly differ from the amount Gandy says he paid. Gandy further testified that he never knew Welch and had never seen Strange but one time. There are some con-

tradictory inferences that may be drawn from the testimony of Gandy as to this. He says on cross examination that *he never paid Welch or Strange a dollar* on the land when the deeds were drawn; that he never saw or had in his possession either of the deeds to the land before his sister's death; and was not present when the deeds were executed; never saw the papers in question until after the sister's death, and never assessed the property for taxes until after the death of his sister in 1936.

The testimony of Mr. Knight is to the effect that Mrs. Mitchell was well known to him; that he went on the mountain with her when she bought the ten acres of land from Welch and that he knew she had bought eight acres of other land from some person whose name he did not remember.

The testimony of Mrs. Swindle was that one of these grantors was her grandfather and she knew he had sold a small tract of land to a woman by the name of Ida V. Mitchell who, when shown a family group picture, identified Mrs. Ida V. Mitchell as the party who had purchased the land from her grandfather.

■ It must be conceded that a valid delivery of the conveyances to appellee's intestate must have been made in such manner as to pass title or no resulting trust could be set up, as such a trust is purely the creature of the law that arises when money is paid for property and title taken in a third party without other explanation of such conduct. It is true that the family picture was exhibited to the witness Mrs. Swindle and she identified the picture of Mrs. Mitchell in the family group and stated that Mr. Strange had said he sold her (Mrs. Mitchell) a part of his forty acre tract, part of the land in question.

It will be noted that Ida V. Mitchell thereafter assessed the property for taxes in the name of her brother T. A. Gandy, acting as his agent. Such returns were under oath and evidence the fact that at the time of such returns, for some reason, she regarded the property as her brother's, and that she was acting for him as his agent. This conduct was repeated by Ida V. Mitchell in the recurring assessments. Is there sufficient reason shown for the sister to make such return against her interest and against her oath in the premises? It is insisted this was a gift to the brother.

■ Under the rule announced in Fralick v. Presley, 29 Ala. 457, 65 Am.Dec. 413, the declarations of a party, who has possession of property, in disparagement of his own title, are admissible evidence against a subsequent purchaser or claimant under him. Byars v. James, 208 Ala. 390, 392, 94 So. 536.

It is admitted that the record presents a conflicting course of conduct on the part of the sister to the brother. If her acts in the premises do not amount to a resulting trust in her favor as against the brother, the use of his name in the two conveyances and her several acts in returning the property for taxation as his agent and in his name, tend to support a gift by her to the brother of the several sums she paid on or for the purchase price of the two tracts of land. And her filing the two deeds for record (with the two mortgages), without more, amounts to a delivery of these conveyances by her to the brother, though he had no knowledge of such action.

■ The two alleged mortgages from the brother to her are clearly forgeries of his name by the sister or somebody else for her, and speak in no uncertain words against the insistence of a gift, and show her intention to secure the respective moneys paid by her in the purchase. Such acts by one not learned in the law of conveyances indicate a resulting trust rather than a gift. The two conveyances and the two mortgages are of like date, and were filed by Ida V. Mitchell.

■ As stated above, the record shows without conflict, that the two deeds to the brother T. A. Gandy, and the two mortgages to the sister Ida V. Mitchell, were filed for record in the probate court of Jefferson County on the same date; the deeds and mortgages were on the lands in question and were contemporaneous transactions. It is declared that filing of a deed for record is prima facie a delivery of that deed to the grantee. If the deed is beneficial to the grantee, it imposes upon him no burden. His act of acceptance is presumed within the intent of the sister "even though he had, in fact, no knowledge of the existence of the deed." Skipper v. Holloway, 191 Ala. 190, 67 So. 991, 992; Gulf Red Cedar Co. v. Crenshaw, 188 Ala. 606, 65 So. 1010.

■ It was necessary for the trial court to look to the intention of Ida V. Mitchell at the time she purchased these two parcels of land and had the conveyances made to her brother and to the respective ineffective

mortgages to herself in order to arrive at a correct answer to the propositions of law involved. For some reason known only to Mrs. Mitchell, she took the title in the name of this brother, though she had another brother, and had someone sign his name to the two mortgages to herself for the respective sums. The fact that she never made known to the brother the existence of the deeds and mortgages is persuasive that she never intended to give him this property. She retained these conveyances and ineffective mortgages in her possession after recording the same until the time of her death and paid the taxes on the same each year in the name of the brother. No doubt the trial court, recognizing the burden of proof was upon the original complainant on the question of intention of the sister at the time she bought this property, dealing with it in the name of the brother, had a lucid picture of the whole situation in mind. The trial court very properly declared a resulting trust, subjecting the lands to payment of Ida V. Mitchell's debts, and vesting the residue in her adopted child and his grantee.

We believe that these facts were found by the trial court to be sufficient on the question of the purchaser's intentions and as acts inconsistent with the intention of Mrs. Mitchell to give the brother the lands or the purchase price thereof. The only reasonable explanation of her several actions in that behalf is that she intended to retain a beneficial interest in this property and its purchase price, and to express that intention by the two mortgages, which were not duly executed. The resulting trust is raised by the law for her protection by Mrs. Mitchell's deeds and mortgages. The learned trial judge heard all the testimony orally and it is our conclusion that his finding as to the title of the property, given expression in his decree, is correct in the respects we have indicated.

It results that the decree is affirmed as indicated and is reversed for an ascertainment of the amount of timber removed from the land by Gandy or his grantee and that he may have credit for the amount of taxes he has paid on the land since the sister's death with interest at the rate obtaining under the law from the time of such several payments to the time of ascertainment here. The costs are divided between the appellant and the appellee.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.