PER CURIAM.
Mary Yolanda Swindle (“the mother”) appeals from a judgment entered by the Madison Circuit Court (“the trial court”) addressing the payment of a child-support arrearage owed by her ex-husband and the father of her children, Jeffery Swindle (“the father”). Among other things, the judgment ordered the mother’s counsel to submit a proposed income-withholding order [1] (“IWO”) that would deduct the current child-support obligations from the father’s income but would not deduct any amount to be applied toward the arrearage owed. On appeal, the mother contends that the IWO should have included an amount to be deducted for payment toward the arrearage. We agree, and reverse the judgment.

Facts and Procedural History

The parties were previously before this court on the mother’s appeal of a judgment modifying the parties’ divorce judgment. Swindle v. Swindle, 55 So.3d 1234 (Ala.Civ.App.2010). In that appeal we held, among other things, that the father’s child-support' obligation should have increased based on a change of physical custody of a child and that the father should have been ordered to pay an accrued child-support arrearage, plus interest, for a specific two-month period in 2009. On remand, the trial court entered a judgment modifying child support as directed. In June 2012, the trial court entered a judgment ordering the father to pay to the mother $1,330, plus interest, as the child-support arrear-age for the two-month period, along with the arrearage and interest already owed at that time, for a total exceeding $20,000. An IWO (“the first IWO”) was entered instructing the father’s employer to deduct *986 the amount owed for the father’s monthly child-support obligation, which was $1,195.89 at that time, as well as the total amount of past-due child support ($22,-058.76) until the arrearage was paid in full. The first IWO contained additional language added to the standardized form, restricting the total amount to be deducted each month to a maximum of 55% of the father’s disposable income. All of these proceedings in the trial court were conducted in case number DR-07-900008.81 (“case no. 81”).
On October 30, 2012, the father filed a separate petition seeking to modify his child-support obligation, asserting that his income had decreased and that one of the supported children had reached the age of majority in 2010. That petition was designated as case number DR-07-900008.02 (“case no. 02”) and was assigned to a different trial judge. A hearing was held in case no. 02 on March 3, 2013. The transcript shows that the only issue discussed during the brief hearing was the parties’ request that the trial court confirm an agreement between the mother and the father that current child support would be reduced to $545 per month retroactive to November 1, 2012. Counsel for the mother and counsel for the father informed the trial court that they would be submitting documents and a proposed order to confirm the agreement.
On March 18, 2013, the trial court entered an order in case no. 02 stating that the parties had reached an agreement. In accordance with that agreement, the order provided, in part:
“The child support obligation of the [father] is hereby modified as follows: The father shall pay to the mother for the support and maintenance of the minor child ... the sum of Five Hundred and Forty-Five ($545.00) dollars retroactive to November 1, 2012.
“An Income Withholding Order shall hereby be entered and issued for all child support and arrearages owed by the [father].
“The [father] is to be given credit toward the arrearage presently owed for all months after November 1, 2013 [sic] in which the current child support taken by income withholding is greater than the amount established in this order.”
An amended order was entered on March 26, 2013, to correct the reference to “2013” in the third paragraph of the March 18 order to “2012.”
Following the entry of the March 18, 2013, order, the trial court entered another IWO (“the second IWO”) in case no. 02 instructing the father’s employer to deduct $545 from his monthly income, to be applied to his current child-support obligation, and $22,058.76, to be applied toward the arrearage, for a total monthly deduction of $22,603.76. Unlike the first IWO, the second IWO did not contain an additional statement added to the standardized form limiting the maximum amount of the deduction to a certain percentage of the father’s disposable income. The father’s CS-41 income statements in the record indicate that his total monthly income was $4,004.
On April 15, 2013, the mother filed a motion, purportedly pursuant to Rule 59(e), Ala. R. Civ. P., entitled “motion to alter, amend, and correct withholding order.” The mother requested that the second IWO be modified to again contain a specific order that 55% of the father’s income be deducted until the arrearage was paid in full. On April 18, 2013, the court entered an order stating that the mother’s motion was “granted in part” and that the parties were “granted leave to submit an amended income withholding order within fourteen (14) days.”
*987 On April 25, 2018, the father filed, purportedly pursuant to Rule 59(e), Ala. R. Civ. P., a motion entitled “motion to alter or amend judgment.” In that motion, the father asserted that a specific arrearage amount should not have been included in the March 26, 2013, order[2] entered in case no. 02 because, the father asserted, he was challenging the June 2012 judgment establishing the arrearage amount in case no. 81. The father also asserted that the parties were having difficulties submitting proposed IWOs through the court’s electronic-filing system that would provide for the deduction of a percentage of the father’s income, as opposed to a specific dollar amount, to be applied toward the arrearage. As a ground for relief, the father asked the trial court in case no. 02 to “determine the arrearage presently owed and then to set a monthly amount to pay on the arrearage.”
Another hearing was held on the record on May 28, 2013, in case no. 02. At the beginning of the hearing, the trial court stated:
“We’re here in DR[-]07-900008.02. We are here on — what is it — the second or third Motion to Modify a previous Order of Modification of Child Support that was entered by this Court. I believe the initial modification order was entered on March 18, 2013. There is a motion to amend it with a proposed order which was entered on March 26, 2013 following which yet another Motion to Alter, Amend or Correct a Withholding Order was filed on April 15th, 2013, and another Motion to Alter, Amend Judgment on April 25, 2013. This one is a mess, guys.”
Counsel discussed their confusion resulting from orders that were being entered in the two cases as well as alleged difficulties in submitting correct IWO forms through the court’s electronic-filing system. The trial court defined the scope of the issues to be heard and instructed counsel as follows:
“I’m going to allow you all to present whatever evidence you have on the current state of the arrearage, how much has been paid, really, effectively since June 18, 2012.... I’m going to reserve judgment on whether or not I can or will wrap it all in together. But I figure whatever I do, let me go ahead and get that so that I don’t have to come back and ask for it. So that will be Number 1 what I want from you all, the payment history, accounting of the arrearage.... Number 2, I want you all to submit proposed IWOs and a proposed whatever number — Amended Order of Modification, which I’ll give you seven days from today to submit to the Court.”
The trial court then received testimony on the issues as outlined. The father testified that deducting 55% of his income was creating an economic hardship for him, and he sought a reduction in the amounts to be withheld; however, he did not testify regarding his expenses or provide any factual support for his assertions. At the conclusion of the hearing, the father’s counsel stated as follows:
‘We’re asking for two things: One is the calculation of arrearage; that’s the first thing. The second thing is that the Court set an equitable amount to be paid toward the arrearage monthly. That’s basically — those are two things we’re asking, that’s it.”
The mother contended that 55% of the husband’s income should be deducted and *988 applied, first, to current child support, which had been reduced to $545 per month, and, second, to the arrearage. Under the mother’s proposal, the same percentage of the father’s income would continue to be deducted each month, but a greater amount would be applied toward the arrearage based on the reduction in current support.
On May 29, 2013, the father filed a memorandum in support of his position. The father specifically asked the trial court to enter an IWO that included $100 to be deducted each month and applied toward the arrearage. On the same day, the mother filed a pleading, again setting out her request for an IWO that deducted 55% of the father’s monthly income.
' On May 29, 2013, the trial court entered an IWO (“the third IWO”), which instructed the father’s employer to withhold $545 a month for current child support and $100 a month to be applied toward the arrear-age. On June 3, 2013, however, the trial court entered a judgment stating, in pertinent part:
“3. The [father’s] motion to have this Court modify the arrearage and monthly payment provided for in the June 18, 2012 order entered by Judge Dennis O’Dell in the .81 action, is hereby DENIED. Pursuant to the June 18, 2012 order, the Court finds that the [mother] has obtained a judgment against the [father] for the past child support arrear-age and accrued interest.
“4. Within seven (7) days of the issuance of this Order, counsel for the [mother] shall electronically file a proposed amended income withholding order that provides for the current monthly child support obligation of $545.00; the income withholding order shall not include any withholding for the past-due arrearage and/or interest. Once the amended income withholding order is filed, the clerk of the court shall issue same immediately to the [father’s] employer.”
(Emphasis added.) On June 4, 2013, the trial court entered a judgment that was substantially identical to the June 3, 2013, judgment. The June 4, 2013, judgment corrected a typographical error.
The mother’s counsel did not submit a proposed amended IWO as directed but, instead, filed a notice of appeal with this court on June 11, 2013. In her notice of appeal, the mother stated:
“[The mother] appeals Second Amended Order on Modification of Child Support entered on June 4, 2013 by the [trial court]. See the attached Order which does not allow previously ordered withholding for past due child -support arrears, and the previous active Income Withholding Order withholding past due child support.”
The record shows that on June 12, 2013, after the notice of appeal was filed, the trial court entered another TWO (“the fourth IWO”). On June 17, 2013, the mother filed a motion in the trial court requesting that the court set aside the fourth IWO or, in the alternative, that the court stay service of that IWO on the father’s employee. On June 18, 2013, the trial court entered an order granting the mother’s request to stay service of the fourth IWO but denying the request to set aside that IWO.

Finality of the Judgment

As a threshold matter, we must first determine whether there is a final judgment sufficient to support appellate review. “ ‘[Jjurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Raybon v. Hall, 17 So.3d 673, 675 (Ala.Civ.App.2009) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). *989 “ ‘The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion.’ ” Hinson v. Hinson, 745 So.2d 280, 281 (Ala.Civ.App.1999) (quoting Powell v. Powell, 718 So.2d 80, 82 (Ala.Civ.App.1998)).
On March 18, 2013, the trial court purportedly entered a judgment in accordance with an agreement between the parties. The order reduced the father’s monthly child-support payments to $545, retroactive to November 1, 2012, and specified that the father be afforded a credit for amounts of child support he overpaid since November 1, 2012. However, the parties apparently did not agree on the amount of that credit, because it is not specified in the March 18, 2013, order.
“A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. Gandy v. Hagler, 245 Ala. 167, 16 So.2d 305 [ (1944) ]; Bell v. Otts, 101 Ala. 186, 13 So. 43 [(1893)]. All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for damages to be final must, therefore, be for a sum certain determinable without resort to extraneous facts. Gandy v. Hagler, supra; Drane v. King, 21 Ala. 556 [ (1852) ].”
Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala.1976) (first emphasis added). “‘The question of finality of the [judgment] may be phrased as whether there is “something more for the court to do.” ’ ” Wilson v. Wilson, 736 So.2d 633, 634 (Ala.Civ.App.1999) (quoting Powell v. Powell, 718 So.2d 80 at 82, quoting in turn Wesley v. Brandon, 419 So.2d 257, 258 (Ala.Civ.App.1982)).
Because the March 18, 2013, order does not determine the amount of the credit to be afforded the father against the child-support arrearage established in the June 2012 judgment entered in case no. 81, that order did not “‘conclusively determine[] the issues before the court and aseertain[ ] and declare[] the rights of the parties involved.’ ” Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala.Civ.App.2005) (quoting Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990)). See also D.M.P.C.P. v. T.J.C., 91 So.3d 75 (Ala.Civ.App.2012) (holding that a judgment that did not determine the amount of a child-support arrearage was not final).[3] A court from another jurisdiction has explained:
“The rationale behind a rule requiring a judgment to be definite and certain is that the rights and liabilities of the parties to the action must be able to be determined, and the unsuccessful party may readily understand and be capable of performing that which he is ordered to do, from the judgment itself. Additionally, a sheriff or other executing officer must know how much money or property to seize in order to satisfy the debt. If the decree or judgment is silent or ambiguous as to the amount, execution would not be proper.”
Lenz v. Lenz, 222 Neb. 85, 90-91, 382 N.W.2d 323, 327 (1986).
*990 On March 25, 2013, the trial court entered the second IWO setting forth an amount to be withheld from the father’s pay; however, that IWO did not determine the amount of the credit to be awarded the father for his overpayment of child support between November 1, 2012, and the entry of the March 18, 2013, order. The trial court entered an order making a clerical correction to its March 18, 2013, order on March 26, 2013. That amendment, which was in the nature of a correction made pursuant to Rule 60(a), Ala. R. Civ. P., related back to the date of the original, March 18, 2013, order. Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 829 (Ala.Civ.App.1997).
The mother filed what she characterized as a postjudgment motion on April 15, 2013, asking that the March 18, 2013, order be amended to require that the IWO specify that 55% of the father’s income be withheld for payment of child support and the arrearage. However, a valid post-judgment motion can be taken only in reference to a final judgment. SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n. 1 (Ala.Civ.App.2007). Because the March 18, 2013, order was not a final judgment, we conclude that the April 15, 2013, motion was, in substance, a motion seeking a reconsideration of the March 18, 2013, interlocutory order. Regardless, on April 18, 2013, the trial court granted the mother’s motion in part and ordered the parties to submit an amended IWO within 14 days of the entry of that order.
On April 25, 2013, the father also purported to file a postjudgment motion. In that filing, the father asked the trial court to redetermine his child-support arrear-age, although he acknowledged that the arrearage either was at issue, or had been redetermined, by another judge in case no. 81. It appears that the trial court treated that claim as an amendment to the father’s original petition because the final judgment in this matter addresses that issue.
On May 29, 2013, the trial court entered the third IWO, specifying that $545 per month be withheld from the father’s income for child support and that an additional $100 per month be withheld for payment toward his accumulated child-support arrearage.
However, on June 3, 2013, the trial court entered another order, again stating that the father’s child-support obligation was $545 per month, denying the father’s purported motion to redetermine his child-support arrearage, ordering that nothing be withheld for payment toward the ar-rearage, and denying all other pending claims for relief. Thus, the June 3, 2013, order resolved all the pending claims between the parties. In addition to other rulings, it denied the father’s pending claim for a determination of a credit for overpaid child support accumulated between November 1, 2012, and the entry of the March 18, 2013, order.[4]
The mother’s primary contention on appeal is that the IWO ordered to be entered by the June 3, 2013, judgment should have included an amount to be deducted and applied toward the arrearage. But the mother did not submit a proposed IWO as directed, and an IWO in compliance with the terms of the June 3, 2013, judgment had not been entered at the time the mother filed her notice of appeal. We, thus, consider whether the mother’s notice of appeal was premature.
*991 In Franz v. Franz, 723 So.2d 61 (Ala.Civ.App.1997), a judgment of divorce ordered a division of a 401(k) retirement plan. In order to implement the judgment, the trial court “directed counsel for the wife to prepare a Qualified Domestic Relations Order ... to effect the transfer of funds from the ... plan to the wife’s account.” Id. at 63. The wife filed a notice of appeal without submitting the Qualified Domestic Relations Order (“QDRO”), and the husband moved to dismiss the appeal as not having been taken from a final judgment. This court denied the motion to dismiss, holding that the express adjudication of the division of the funds within the divorce judgment was sufficiently final for purposes of appellate review. In Romer v. Romer, 44 So.3d 514 (Ala.Civ.App.2009), this court held, among other things, that both a judgment of divorce containing an order dividing retirement assets and the QDRO to implement the award entered six months after the entry of the divorce judgment were final judgments separately capable of supporting an appeal. This court noted that “ ‘ “[i]n equity cases there can be more than one final judgment from which an appeal may be taken.” ’ ” Id. at 518 (quoting James v. Alabama Coalition for Equity, Inc., 713 So.2d 937, 945 (Ala.1997), quoting in turn Norris v. Norris, 406 So.2d 946, 948 (Ala.Civ.App.1981)).
The June 3, 2013, judgment expressly ordered that the IWO to be submitted “shall not include any -withholding for the past-due arrearage and/or interest.” Thus, the judgment expressly adjudicated the issue raised by the mother on appeal— whether the IWO should include any amount to be withheld and applied toward the arrearage — and we, accordingly, treat the judgment as final and capable of supporting appellate review. See Coosa Valley Health Care v. Johnson, 961 So.2d 903, 905 (Ala.Civ.App.2007) (quoting Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990)) (“ ‘[T]he test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.’ ”).

Issues Raised by the Mother

Although the mother argues at times in her brief to this court that the father’s petition in case no. 02 was an impermissible collateral attack on the judgments entered regarding the arrearage in case no. 81, we note that the June 3, 2013, judgment unequivocally denied the father’s request to modify the arrearage amount:
“3. The [father’s] motion to have this Court modify the arrearage and monthly payment provided for in the June 18, 2012 order entered by Judge Dennis O’Dell in the .81 action, is hereby DENIED. Pursuant to the June 18, 2012 order, the Court finds that the [mother] has obtained a judgment against the [father] for the past child support arrear-age and accrued interest.”
The mother’s primary argument, and the sole issue raised in her brief to this court, is that the June 3, 2013, judgment erroneously failed to include an amount to be deducted and applied toward the arrearage. The June 3 judgment was entered based on the father’s petition to modify his child-support obligation, and the trial court was required to enter an IWO for the collection of any support obligations, pursuant to § 30-3-60, Ala.Code 1975. There is no support for the assertion that the IWO could not differ from an existing IWO; however, § 30-3-62, Ala.Code 1975, provides:
“(d) An [income-withholding] order entered pursuant to this section shall recite the amount required to be withheld as continuing support for each month, the total amount of all accumulated arrearages, if any, and the amount *992 required to be withheld for each month in order to satisfy the arrearage....”
This court has held:
“[T]he trial court’s determination of the amount of an arrearage and the disposition thereof is largely a matter to be left to the sound discretion of the trial court. See, Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App.1984). Also, section 30-3-62(d) provides that any court order issued for the purpose of either enforcing or collecting an accumulated arrearage of child support pursuant to section 30-3-62 shall include the. amount to be withheld from the obligor’s ... salary as continuing support, the amount of the arrearage, and the amount to be withheld to satisfy the arrearage. See, § 30-3-62(d), Code 1975 (1986 Cum. Supp.). As previously stated, the amounts required to be withheld from the husband’s pay as satisfaction of the arrearage are largely discretionary matters which will not be reversed on appeal absent an abuse of discretion. See, Hawkins v. Harvey, 481 So.2d 907 (Ala.Civ.App.1985).”
Brown v. Brown, 513 So.2d 617, 619 (Ala.Civ.App.1987). The amount ordered to be paid toward an arrearage should be “commensurate with the [obligor]’s ability to pay.” Henderson v. Henderson, 680 So.2d 373, 375 (Ala.Civ.App.1996). Further, “where a large arrearage is owed, the trial court may abuse its discretion in failing to award a large enough amount toward the arrearage to satisfy the debt within a reasonable period of time.” State ex rel. Thompson v. Thompson, 586 So.2d 7, 8 (Ala.Civ.App.1991). See also Stinson v. Larson, 893 So.2d 462 (Ala.Civ.App.2004) (affirming an order increasing the amount required to pay an arrearage when, under the terms of the previously entered order, it would have taken over a decade to discharge the debt).
The mother asked for an IWO that would require that 55% of the father’s income be deducted each month, with $545 being applied to his current child-support obligation and all remaining sums applied toward his arrearage. The father asked for an IWO that did not order that. a percentage of income be deducted but that, instead, ordered deductions of the current support and a specific amount toward the arrearage. We note that the record shows that the father requested that $100 be deducted and applied toward the arrear-age. The evidence presented showed that the father had a monthly income of over $4,000. There was no testimony regarding his expenses. Although he testified that the existing order was causing him to have financial difficulties, the evidence showed that the father’s monthly child-support obligation had been reduced from $1,195.89 to $545. The June 3, 2013, judgment, however, ordered nothing to be -withheld and applied toward the arrearage.
When a decision is within the trial court’s discretionary powers, the trial court “has the power to choose between two or more courses of action and is therefore not bound in all cases to select one over another.” In re 2010 Denver Cnty. Grand Jury, 296 P.3d 168, 176 (Colo.Ct.App.2012). With limited exceptions, the trial court is not required to provide findings of fact or to express, either orally on the record or within a writing, any or all of its reasoning for the decision it makes. But when the discretionary ruling is challenged on appeal, the appellate court can hear the voice of the trial court only from the record and must be able to find support within the record for the trial court’s decision. A decision is not arbitrary when the record shows a rational connection between the facts and the decision made. See, e.g., Ex parte Dunn, 962 So.2d 814, 816 (Ala.2007) (discussing the arbitrary- *993 and-capricious standard of review). In this case, one of the trial court’s decisions was to order that nothing be deducted from the father’s income to be applied toward his arrearage. We are not directed by the father to any factual basis contained in the record to support this decision or to any rational connection between the facts and that decision. To the contrary, the record before us shows that, although they disagreed as to the amount, both the father and the mother asked for something to be deducted from the father’s income to be applied toward his arrearage. We reaffirm that the amount, if any, to be deducted from an obligor’s income and applied toward a child-support arrearage is within the trial court’s discretion. Brown, 513 So.2d at 619. But, under these circumstances, we must hold that the failure to include an amount to be withheld and applied toward the father’s arrearage exceeded the discretion afforded the trial court. Therefore, the judgment is reversed, and the case is remanded for further proceedings consistent with this decision.
The mother also asserts that the trial court did not have jurisdiction to enter the fourth IWO after she filed her notice of appeal. “ ‘Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.’ ” Horton v. Horton, 822 So.2d 431, 434 (Ala.Civ.App.2001) (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982)). See Pike v. Reed, 3 So.3d 201 (Ala.Civ.App.2008) (deeming orders entered after a notice of appeal had been filed from a nonfinal judgment to be a “nullity”). We have determined that the June 3, 2013, judgment was sufficiently final to support an appeal, and, therefore, we have addressed the issues properly raised by the mother challenging that judgment. The fourth IWO merely implemented the terms of the June 3, 2013, judgment. Therefore, the trial court had jurisdiction to enter that IWO because it was collateral to the appeal.
Both the mother’s and father’s requests for the award of attorney’s fees on appeal are denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.
DONALDSON, J., concurs in part and dissents in part in the rationale and concurs in the result, with writing.

. An income-withholding order is "[a]n order or notice in the standardized format prescribed under Title IV-D of the Social Security Act, as amended, that requires an employer to deduct a portion of an employee’s income for the payment of support." § 30-3-60(6), Ala. Code 1975.

. The March 26, 2013, order corrected a clerical error in the March 18, 2013, order. As discussed later in this opinion, the March 26, 2013, order relates back to the entry of the March 18, 2013, order for the purpose of determining the finality of the judgment.

. Our research revealed cases in which this court reversed, rather than dismissed, an appeal from an order in which the trial court ordered an award of interest but failed to determine the amount of interest to be awarded. See Henderson v. Henderson, 680 So.2d 373 (Ala.Civ.App.1996); and Argo v. Argo, 467 So.2d 258 (Ala.Civ.App.1985). We conclude that each of those appeals should have been dismissed.

. The trial court made a clerical correction to the June 3, 2013, judgment on June 4, 2013. That correction related back to the date of the original, June 3, 2013, judgment. Bergen-Patterson, Inc. v. Naylor, 701 So.2d at 829.