THOMPSON, Presiding Judge.
Cristy C. Stallworth ("the wife") appeals from an order of the Monroe Circuit Court ("the trial court") divorcing her from Francis D. Stallworth III ("the husband"). For the reasons discussed below, we dismiss the appeal because it was taken from a nonfinal order.
The record indicates that the husband filed a complaint for a divorce on October 27, 2010. On September 21, 2011, the trial court entered a "temporary order" incorporating an agreement the parties had reached during mediation regarding pendente lite support. Pursuant to that agreement, the husband was to pay the wife $2,500 each month in addition to "all other expenses he is currently paying." Those expenses were not enumerated, although the wife was directed
"to keep receipts on all expenses she pays, including credit card statements, etc., and she shall maintain a reasonable accounting of expenses, mileage, etc., which shall be provided monthly to her attorney and then to the husband's attorney. The wife shall not run the upstairs AC unit unless the children are spending time there. The wife shall, to the extent possible, conserve utilities in a reasonable manner in the marital residence."
On November 16, 2015, the wife filed a motion for a finding of contempt against the husband, alleging that the husband had refused to pay what she called the "temporary alimony" that month. That same day, the trial court entered an order directing the parties to comply with the terms of the mediated pendente lite agreement and set a hearing on the motion for November 23, 2015. The record does not indicate that an order was entered after the hearing. On January 19, 2016, the wife filed another contempt motion, again alleging that the *1079 husband was not paying the "temporary alimony" as ordered in the September 21, 2011, order.
On March 24, 2016, the trial court entered an order divorcing the parties and, among other things, dividing the marital property and awarding the wife periodic alimony.[1] In that order, the trial court did not expressly find the husband in contempt, but it specified "that any installments of temporary support which have accrued under former orders herein, but which are unpaid, are specifically preserved herein, and shall be paid by the husband." The trial court did not determine the amount the husband was in arrears for his failure to pay the "temporary support."
The trial court purported to certify the order as final pursuant to Rule 54, Ala. R. Civ. P., stating that it found "that there is no just reason for delay in the entry of a final judgment as to all matters which are finally adjudicated above, and the Court therefore directs entry of a final judgment with respect thereto." The wife appealed from the March 24, 2016, order.
The parties in this case do not raise the issue of the finality of the order or this court's jurisdiction to consider this appeal. However, it is well settled that
" ' "[j]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." ' Raybon v. Hall, 17 So.3d 673, 675 (Ala. Civ. App. 2009) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ). ' "The question whether an order appealed from is final is jurisdictional, and the reviewing court, on a determination that the order is not final, has a duty to dismiss the case on its own motion." ' Hinson v. Hinson, 745 So.2d 280, 281 (Ala. Civ. App. 1999) (quoting Powell v. Powell, 718 So.2d 80, 82 (Ala. Civ. App. 1998) )."
Swindle v. Swindle, 157 So.3d 983, 988-89 (Ala. Civ. App. 2014).
A final judgment is one that resolves all issues and determines the rights of all parties involved. In Swindle, we wrote:
" 'A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. Gandy v. Hagler, 245 Ala. 167, 16 So.2d 305 [ (1944) ] ; Bell v. Otts, 101 Ala. 186, 13 So. 43 [ (1893) ]. All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for damages to be final must, therefore, be for a sum certain determinable without resort to extraneous facts. Gandy v. Hagler, supra ; Drane v. King, 21 Ala. 556 [ (1852) ].'
" Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976) (first emphasis added). ' "The question of finality of the [judgment] may be phrased as whether there is 'something more for the court to do.' " ' Wilson v. Wilson, 736 So.2d 633, 634 (Ala. Civ. App. 1999) (quoting Powell v. Powell, 718 So.2d 80 at 82 [ (Ala. Civ. App. 1998) ], quoting in turn Wesley v. Brandon, 419 So.2d 257, 258 (Ala. Civ. App. 1982) ).
"Because the March 18, 2013, order does not determine the amount of the *1080 credit to be afforded the father against the child-support arrearage established in the June 2012 judgment entered in case no. 81, that order did not ' "conclusively determine[ ] the issues before the court and ascertain[ ] and declare[ ] the rights of the parties involved.'' ' Trousdale v. Tubbs, 929 So.2d 1020, 1022 (Ala. Civ. App. 2005) (quoting Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990) ). See also D.M.P.C.P. v. T.J.C., 91 So.3d 75 (Ala. Civ. App. 2012) (holding that a judgment that did not determine the amount of a child-support arrearage was not final)."
Swindle, 157 So.3d at 989.
In this case, the trial court ordered the husband to pay any unpaid installments of temporary support that had accrued, but it did not determine the number of such installments or the amount of temporary support that the husband owed to the wife. Therefore, the order in this case does not conclusively determine the issue of unpaid temporary support. Accordingly, it is not a final judgment capable of supporting an appeal.
The trial court's effort to certify the order as final pursuant to Rule 54(b), Ala. R. Civ. P., does not change the outcome.
"Reviewing the trial court's finding in Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala. 2006), that there was no just reason for delay, [our supreme c]ourt explained that certifications under Rule 54(b) are disfavored:
" 'This Court looks with some disfavor upon certifications under Rule 54(b).
" ' "It bears repeating, here, that " '[c]ertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.' " State v. Lawhorn, 830 So.2d 720, 725 (Ala. 2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala. 1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala. 1987) ). ' '' 'Appellate review in a piecemeal fashion is not favored.' " ' Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala. Civ. App. 2003) ] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala. Civ. App. 1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala. Civ. App. 1996) ) (emphasis [omitted] )."
" ' Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala. 2004).'
"In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether 'the issues in the claim being certified and a claim that will remain pending in the trial court " 'are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.' " ' Schlarb, 955 So.2d at 419-20 (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala. 2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala. 1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs. [v. Guthrie], 20 So.3d [1277] at 1281 [ (Ala. 2009) ] (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required 'resolution of the same issue' as issue pending on appeal); and *1081 Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala. 2008) (concluding that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b) because the pending claims against the remaining defendants depended upon the resolution of common issues)."
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala. 2010).
In this case, we do not have to determine whether there are any outstanding claims that are so closely intertwined to the claims already determined that there is a risk of inconsistent results. The specific amount of the arrearage the husband owes in temporary support is part of the same claim alleging that he is, in fact, in arrears. In other words, the trial court's order regarding the claim seeking past-due temporary support is not final. Rule 54(b) does not grant the trial court the authority to certify as final an order on a claim for which it has determined liability but for which it has not determined the amount of that liability.
For the reasons set forth above, the order in this case is not final and is not capable of supporting an appeal. Swindle, supra. Because a nonfinal judgment will not support an appeal, this matter is dismissed. See Osburn v. Osburn, 238 So.3d 60 (Ala. Civ. App. 2017).
The wife's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The trial of this matter was held over two days in November 2014. The record does not indicate a reason for the 16-month delay between the trial and the entry of the order. There is also no indication in the record that the parties attempted to petition this court for a writ of mandamus to have the trial court enter a judgment in the divorce action.