Rel: March 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0635

_____

### Anita J. Steele

### v.

### Bank of America, N.A.

### Appeal from Montgomery Circuit Court
### (CV-22-900196)

EDWARDS, Judge.

On February 18, 2022, Bank of America, N.A. ("the bank"), filed in the Montgomery Circuit Court ("the trial court") a complaint against Anita J. Steele, stating claims of breach of contract and account stated, based on allegations that Steele owed the bank $22,923.77. On March

31, 2022, Steele, acting pro se, filed a document that the trial court treated as an answer to the complaint; that answer stated: "Yes I owe the debt to [the bank]. Please let me know how I must proceed thank you." The bank filed a motion for a summary judgment in July 2022; however, that filing was labeled on the case-action-summary sheet as only a "motion for a special setting."[1] The trial court took no action on the July 2022 summary-judgment motion. In October 2022, the bank filed an identical, second motion for a summary judgment, which also contained a request that the motion be set for a hearing; again, the trial court took no action on the bank's summary-judgment motion.

In March 2023 and in September 2023, the bank filed motions requesting that the trial court either rule on the long-pending summary-judgment motion or that the motion be set for a hearing. The trial court took no action on either motion. In December 2023, the bank filed a third motion requesting a hearing on its summary-judgment motion. On April 29, 2024, 21 months after the bank had filed its initial summary-

---

[1]A motion requesting a special setting for the summary-judgment motion had accompanied the summary-judgment motion.

judgment motion, the trial court set the case for a bench trial to be held on June 13, 2024.

On June 4, 2024, the bank filed what it entitled a "motion to enter a consent judgment," which it supported with Steele's concession in her answer that she owed the debt. Attached to the bank's "motion for a consent judgment" was a proposed order granting the bank a "judgment as a matter of law for $22,923.77, plus costs, less credits and/or payments received by [the bank] from [Steele] after the initiation of this lawsuit …." On June 14, 2024, the day after the scheduled trial, the trial court entered the proposed order that had been provided by the bank. On July 17, 2024, Steele filed a letter addressed to the trial court, in which she argued that her failure to attend the June 13, 2024, trial had been due to excusable neglect and that she had a meritorious defense to the bank's claims.[2] On July 26, 2024, Steele filed a notice of appeal to our supreme court, which transferred the appeal to this court because the amount in

---

[2]Our determination, infra, that Steele has appealed from an order that is nonfinal because it fails to definitively set out the amount of the damages owed by Steele obviates the need to treat this motion as one seeking relief under Rule 60(b), Ala. R. Civ. P. See Edwards v. Edwards, 951 So. 2d 699, 702 (Ala. Civ. App. 2006) (stating that a "nonfinal order will not support a Rule 60(b), Ala. R. Civ. P., motion").

controversy is within our appellate jurisdiction. See Ala. Code 1975, §

12-3-10.

Although neither party has questioned this court's jurisdiction over

this appeal, we raise ex mero motu the question whether the trial court's

judgment is a final judgment capable of supporting an appeal.

> "'[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). 'The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case.' Horton v. Horton, 822 So. 2d 431, 434 (Ala. Civ. App. 2001)."

Raybon v. Hall, 17 So. 3d 673, 675-76 (Ala. Civ. App. 2009).

In Swindle v. Swindle, 157 So. 3d 983, 989 (Ala. Civ. App. 2014),

this court explained that

> "'[a] final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. Gandy v. Hagler, 245 Ala. 167, 16 So. 2d 305 [(1944)]; Bell v. Otts, 101 Ala. 186, 13 So. 43 [(1893)]. All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for damages to be final must, therefore, be for a sum certain determinable without resort

> to extraneous facts. <u>Gandy v. Hagler</u>, supra; <u>Drane v. King</u>, 21 Ala. 556 [(1852)].'
>
> "<u>Jewell v. Jackson & Whitsitt Cotton Co.</u>, 331 So. 2d 623, 625 (Ala. 1976) (first emphasis added). '"The question of finality of the [judgment] may be phrased as whether there is 'something more for the court to do.'"' <u>Wilson v. Wilson</u>, 736 So. 2d 633, 634 (Ala. Civ. App. 1999) (quoting <u>Powell v. Powell</u>, 718 So. 2d 80[,] 82 [(Ala. Civ. App. 1998)], quoting in turn <u>Wesley v. Brandon</u>, 419 So. 2d 257, 258 (Ala. Civ. App. 1982))."

The judgment in the present case awards the bank damages in the amount of $22,923.77, "less credits and/or payments received" by the bank during the pendency of the action. Thus, the amount of the damages to which the bank is entitled is not a sum certain and cannot be determined on the face of the judgment alone. Instead, extraneous facts, i.e., the amount of the credits or payments received by the bank from Steele between February 18, 2022, and the date of the entry of the judgment, must be used to determine the amount that Steele owes the bank. The June 14, 2024, order of the trial court is therefore not a final judgment and is not capable of supporting Steele's appeal. <u>Stallworth v. Stallworth</u>, 252 So. 3d 1077, 1080 (Ala. Civ. App. 2017) (applying the principles set out in <u>Swindle</u> to dismiss an appeal from a judgment that

5

did not "conclusively determine" the amount of temporary support the husband owed to the wife).  Accordingly, Steele's appeal is dismissed.

APPEAL DISMISSED.

Moore, P.J., and Hanson, Fridy, and Lewis, JJ., concur.